STATE of Missouri, Respondent,

v.

**Robert Dean HERMANNS, Appellant.**

No. 62864.

Supreme Court of Missouri,
En Banc.

Nov. 9, 1982.

Rehearing Denied Dec. 3, 1982.

Charles Hayward, Shelbina, for appellant.

John Ashcroft, Atty. Gen., Jay A. Daugherty, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

This direct appeal stems from appellant's sodomy conviction under § 566.060, RSMo 1978,[1] in Shelby County Circuit Court, with a five year sentence. The appeal challenges the validity of a statute of this state, and thus we have jurisdiction under Art. V, § 3, Mo. Const. (as amended 1976).

The state presented one witness at trial, the thirteen year old victim, stepdaughter of appellant. She briefly described the crime,[2] then identified appellant as the person who molested her. Appellant offered no evidence and did not cross-examine the victim.

1. All statutory references are to RSMo 1978 unless otherwise indicated.

2. The victim gave this testimony: "Well, my mom went to bed and I went upstairs.... [A]bout fifteen minutes later my step-father

Appellant raises four points on appeal, which, in essence, reduce to the single complaint [3] that the legislative appellation "sodomy" for the crime set forth in § 566.060 suggests a different offense than that for which appellant was convicted. Section 566.060 reads as follows:

1. A person commits the crime of sodomy if:

(1) He has deviate sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion; or

(2) He has deviate sexual intercourse with another person who is less than fourteen years old.

2. Sodomy is a class B felony unless in the course thereof the actor inflicts serious physical injury on any person or displays a deadly weapon, in which cases sodomy is a class A felony.

Section 566.010(2) defines deviate sexual intercourse as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." The precursor to § 566.010(2) was § 563.230 RSMo 1969. The earlier version proscribed the "detestable and abominable crime against nature, committed with mankind or with beast."

■ Section 566.060 defines the crime of sodomy with more specificity and detail than the previous statute. This court found the earlier statute constitutional in *State v. Crawford*, 478 S.W.2d 314 (Mo.1972); appeal dismissed 409 U.S. 811, 93 S.Ct. 176, 34 L.Ed.2d 66 (1972), rehearing denied 409 U.S. 1051, 93 S.Ct. 536, 34 L.Ed.2d 505 (1972), holding that it conveyed

to a person of common intelligence and understanding and to the public at large, an adequate description of the acts which are prohibited ...

*Id.* at 318. The current sodomy statute states explicitly those acts which expose a defendant to criminal liability. Repeating the tests of statutory construction applied to the previous statute, we conclude that § 566.060 satisfies the requirement that it conveys to a person of common intelligence and understanding an adequate description of the acts prohibited.

■ Appellant maintains that the commonly understood dictionary definition of "sodomy" connotes a different crime than the offense charged in the information,[4] and that he was thereby gratuitously stigmatized. However, the jury received instructions limited strictly to the language of the statute. Whether the statutory term "sodomy" connotes different meanings in common usage is irrelevant. The jury was instructed according to the dictates of legislative word choice, and it is well-settled law that a legislature may define terms as it wishes:

The legislature's own construction of its language by means of definition of the terms employed should be followed in the interpretation of the statute to which it relates and is intended to apply and supersedes the commonly accepted dictionary or judicial definition and is binding on the courts.

*Labor's Educational and Political Club-Independent v. Danforth,* 561 S.W.2d 339, 346 (Mo. banc 1978).

came upstairs. He took my nightgown off and said that he was going to make me bigger so that I could make him—well, that he could make me have a baby. And that he would tell mom about it later on after I had his baby. And he put three fingers in my vagina and I started screaming. And he put his hand over my mouth so it couldn't be heard.... I was crying and in about twenty minutes after all of this happened he went downstairs."

3. The state argues that appellant preserves no points for appeal under Rule 84.04 of the Supreme Court Rules. Our reluctance to penalize appellant for the shortcomings of his counsel, and our policy "to decide cases on the merits

whenever possible", *Thummel v. King,* 570 S.W.2d 679, 690 (Mo. banc 1978), compel us to rule on this single discernible argument. We nonetheless urge counsel to study and apply Judge Finch's discussion of Rule 84.04 contained in *Thummel.*

4. The information charged "that the defendant, in violation of Section 566.060, RSMo, committed the class B felony of sodomy, ... in that ... defendant had deviate sexual intercourse with [name of victim], to whom defendant was not married and who was then less than fourteen (14) years old."

We address one final corollary to appellant's confusion between statutory and lay definitions of sodomy. Appellant maintains that Chapter 566 grants a prosecutor "too much discretion" in choosing between the several offenses contained therein. The point is meritless. Although Chapter 566 lists several additional offenses for which defendant could have been charged under these facts, "the legislature may provide that the same facts may constitute separate offenses... If this is done, it rests in the discretion of the prosecution as to which charge is to be brought." *State v. Gibson,* 623 S.W.2d 93, 101 (Mo.App.1981). It was within the prosecutor's discretion to decide whether to charge appellant for sodomy, deviate sexual assault, sexual misconduct, sexual abuse, or any other crime appellant may have committed in inserting his fingers into his stepdaughter's vagina. We find neither the statute nor the trial court in violation of established principles of constitutional and statutory interpretation.

The judgment is affirmed.

All concur.