**STATE of Missouri, Respondent,**

v.

**Kenneth PEMBLETON, Appellant.**

No. 71871.

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 14, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 30, 1998.

Application for Transfer Denied
Nov. 24, 1998.

Lew Kollias, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Defendant, Kenneth Pembleton, appeals from the trial court's judgment entered on the jury's convictions of three counts of second-degree felony murder. Section 565.021.1(2) RSMo. (1994).[1] The trial court sentenced defendant to twenty-five year's imprisonment on each of the three counts to run concurrently. We affirm.

Defendant does not contest the sufficiency of the evidence. Viewing the record in the light most favorable to the jury's verdicts, the following evidence was adduced at trial. Defendant was traveling north on the Highway 54 By-pass in his car on the night of April 11, 1996. Defendant and his passenger, William Christian, had been drinking quite heavily that evening and both were intoxicated.

Sharon and Thomas Coffman were traveling westbound on Highway 54 on their way home to Columbia from a visit of a relative near Hannibal. At approximately 8:30 P.M. defendant attempted to exit the Highway 54 By-pass and enter Highway 54. There was a posted speed limit on the ramp to Highway 54 from the By-pass of 45 miles per hour. Joel Tyser, who was approximately one hundred-fifty yards behind the Coffmans on westbound Highway 54, estimated defendant's speed on the ramp to be seventy miles per hour.

The intersection of Highway 54 and the ramp from the By-pass formed a "T" and therefore the ramp did not proceed beyond Highway 54. There was a stop sign facing the ramp at the "T" intersection. As defendant approached the intersection, he went through the stop sign and crashed into the Coffmans without attempting to brake. The force of the impact carried both cars over an embankment on the north side of Highway 54.

---

1. All statutory references are to RSMo. (1994).

Both the Coffmans and Christian died from the injuries they suffered in the crash. Defendant suffered severe lacerations on his face and he was pinned against his seat by the steering wheel. As the rescuer workers attempted to free defendant from his vehicle, they noticed that his breath had a very strong odor of alcohol, that his speech was slurred and that he appeared to be intoxicated.

The police officer, Michael Evans, who escorted defendant to the hospital in the ambulance also noticed defendant's breath reeked of alcohol and that he appeared to be highly intoxicated. Officer Evans proceeded to place defendant under arrest for driving while intoxicated and requested that he submit to a blood test to determine his blood alcohol content. Defendant, however, refused Officer Evans' request. Officer Evans then called the Audrian County prosecuting attorney who obtained a search warrant for a sample of defendant's blood a half-hour later. The subsequent blood test revealed that defendant's blood alcohol content was .21% by weight.

The state originally charged defendant with three counts of involuntary manslaughter for the deaths of the Coffmans and Christian. Section 565.024.1(1). The state later amended its complaint to include three counts of second degree felony murder with the underlying felony being driving while intoxicated as a persistent offender. Sections 565.021.1(2), 577.023.3.

At trial, out of the hearing of the jury, the state offered evidence to the trial judge of defendant's two prior convictions of driving while intoxicated (DWI) in 1995. Defendant did not controvert that evidence. The trial court found that the state had met its burden of proof in showing that defendant had two prior DWI convictions. Therefore, the trial court ruled that he was subject to the enhanced penalty of a class D felony under section 577.023.3 as a persistent offender if the jury found that he was driving while intoxicated in the instant case. Accordingly, based on the felony-murder statute, the trial

court instructed the jury that if it found defendant had caused the deaths of the Coffmans and Christian while driving while intoxicated, it must return a verdict of guilty on the second degree murder counts.[2]

The jury returned guilty verdicts on all three counts of second-degree murder. The trial court entered judgment against defendant on the jury's verdicts and sentenced defendant to twenty-five years on each count to run concurrently. The trial court denied defendant's motion for a new trial and this appeal followed.

■ Defendant asserts three points of error on appeal. In his first point, defendant contends that the trial court erred in accepting the jury's verdict because the trial court, not the jury, found that he had two prior DWI convictions. Defendant argues that because a person is only guilty of a class D felony for DWI if he has two prior convictions, the two prior convictions were an element of the underlying felony of DWI, third conviction, that supported his second degree felony murder convictions. Therefore, defendant maintains that under the sixth amendment right to a jury trial, incorporated against the states under the due process clause of the fourteenth amendment, the jury was required to decide this issue.

Defendant never presented this theory to the trial court in either his motion for a new trial or his motion for acquittal. Thus, defendant failed to preserve this issue for appellate review. Rule 29.11(d). Therefore, we will review for plain error only and will reverse only if we find that the trial court's finding on the issue of defendant's prior convictions resulted in a miscarriage of justice or a manifest injustice. Rule 30.20.

■ When the state produces overwhelming evidence of a defendant's guilt, a defendant's conviction does not result in plain error. *State v. Jordan,* 627 S.W.2d 290, 292–93 (Mo. banc 1982). Here, the state produced overwhelming and uncontroverted evidence that defendant was driving while intoxicated at the time of the accident and that he

---

2. The state dismissed the three counts of involuntary manslaughter before the trial court instructed the jury.

was subject to the enhanced penalty of a class D felony for a persistent DWI offender under section 577.023.3. Specifically, the state demonstrated that defendant's blood alcohol content at the time of the accident was more than double the legal limit, his breath reeked of alcohol, his speech was slurred and that defendant had two prior DWI convictions in Boone and Callaway Counties in 1995. Furthermore, defendant himself, in a motion in limine, requested that the trial court prohibit the state from providing the jury with evidence of his criminal record. Based on this record, we find that the trial court's finding on the issue of defendant's prior DWI convictions did not result in a manifest injustice or a miscarriage of justice. Defendant's first point is denied.

▮ In his second point, defendant maintains that the trial court erred in denying his motion for acquittal on the second-degree murder counts. Defendant contends the legislature intended for involuntary manslaughter to be the only crime that a person could be prosecuted for when he kills another person while driving in an intoxicated state. We disagree.

Both the second-degree felony murder statute, section 565.021.1(2), and the involuntary murder statute, section 565.024, proscribe defendant's actions in this case.

Section 565.021 states in relevant part:

A person commits the crime of murder in the second degree if he:…(2) commits… any felony, and, in the perpetration of such felony…another person is killed as a result of the perpetration of such felony.

Section 565.024 recites in relevant part:

A person commits the crime of involuntary manslaughter if he:…(2) While in an intoxicated condition operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause the death of any person.

Defendant concedes that he committed the felony of DWI, third offense, and that the Coffmans and Christian died in the perpetration of that felony. Thus, there is no question that defendant's actions fall under the ambit of the second-degree felony murder statute. Defendant asserts, however, that because the involuntary manslaughter stat-ute deals with his behavior in specific terms while the second-degree murder statute treats it in general terms, the involuntary manslaughter statute must prevail over the second-degree felony murder statute.

▮ Courts must read statutes that deal with the same subject matter *in pari mate-ria. Bartley v. Special School District,* 649 S.W.2d 864, 867 (Mo. banc 1983). Thus, when one statute deals with a subject in general terms and another in specific terms, a court should harmonize the two statutes if reasonable. *Id.* Therefore, only when the general and specific statute cannot be reasonably harmonized does the specific statute prevail over the general statute. *Id.* We find that under the doctrine of prosecutorial discretion, the two statutes at issue here can be reasonably harmonized.

Although no Missouri court has addressed this specific issue, other jurisdictions have passed on the issue of whether a statute specifically dealing with the killing of any person while driving while intoxicated preempts a general criminal statute. The majority of these jurisdictions hold that the specific statute dealing with the killing of a person while driving in an intoxicated state does not preempt the general criminal statute. *See e.g. Broderick v. State,* 249 Ind. 476, 231 N.E.2d 526, 529 (Ind.) *cert. denied* 393 U.S. 872, 89 S.Ct. 161, 21 L.Ed.2d 141 (1968); *State v. Poirier,* 142 Vt. 595, 458 A.2d 1109, 1111 (Vt.1983); *State v. Bryan,* 709 P.2d 257, 261–62 (Utah 1985). We have found only one jurisdiction that has held that the more specific DWI statute preempts the general criminal statute. *State v. Haley,* 39 Wash.App. 164, 692 P.2d 858, 860 (Wash.App.1984).

The majority position rests on the premise that because a prosecutor has the discretion of choosing which statute to proceed on when two statutes proscribe the same behavior, there is no conflict between the more specific DWI statute and the general criminal statute. Because Missouri courts also recognize that a prosecutor has the discretion to proceed under either of two statutes that proscribe the same behavior, we find the majority's position on this point persuasive.

Our Supreme Court has held that if two criminal statutes proscribe the same behavior, the prosecutor has the discretion of

charging the defendant under either statute.[3] *State v. Hermanns,* 641 S.W.2d 768, 770 (Mo. banc 1982). Thus, following the rationale applied by the majority of jurisdictions on this issue, the two statutes in question can be reasonably harmonized together. The legislature has simply given the prosecutor the option of charging the defendant with second-degree felony murder for the killing of any person while driving while intoxicated if it can be proven defendant is a persistent offender under section 577.023.1(2). If the prosecutor cannot prove that defendant is a persistent offender under section 577.023.1(2), then the prosecutor can only proceed on the involuntary manslaughter statute.

Because Missouri courts recognize that a prosecutor has the discretion to prosecute a defendant on either of two statutes that proscribe the same conduct, the second-degree murder statute can reasonably be harmonized with the involuntary manslaughter statute in the present case. Thus, the more specific involuntary manslaughter statute did not preempt the general second-degree felony murder statute. Therefore, the trial court did not err in denying defendant's motions for acquittal or dismissal on the second-degree murder counts. Defendant's second point is denied.

■ In his final point, defendant argues that the trial court erred in denying his motion for acquittal because the commission of DWI as a persistent offender cannot support a felony murder conviction. Defendant contends that only the commission of a felony that requires a *mens rea* of at least criminal negligence can support a felony-murder conviction. We disagree.

It is true that many jurisdictions have enacted legislation that limits the application of the felony murder rule to cases where the underlying felony is either a "dangerous" felony or one that is *malum per se. See* Wayne R. LaFave & Austin W. Scott, Criminal Law § 71 (1972). However, as we illustrated above, section 565.021.1(2) states that a person is guilty of second-degree felony murder if he commits *any* felony and in the perpetration of that felony, another person is killed. (Emphasis added). Thus, under Missouri's felony murder statutory scheme, any underlying felony supplies the requisite *mens rea* for second-degree felony murder. *State v. Mannon,* 637 S.W.2d 674, 677 (Mo. banc 1982); *State v. Davis,* 797 S.W.2d 560, 563 (Mo.App.1990). *See also* Mary Lynn Dovith Bates, *Murder Convictions for Homicides Committed in the Course of Driving While Intoxicated,* 8 Cumb. L. Rev. 476, 483–86 (1978). (collecting cases upholding felony murder convictions with the underlying felony being DWI in jurisdictions with felony murder statutes similar to Missouri's statute).

Here, the state proved that defendant acted with the requisite *mens rea* to commit the underlying felony of DWI, third offense. Therefore, the trial court did not err in denying defendant's motion for acquittal on the three second-degree felony murder counts. Defendant's third point is denied.

The judgment of the trial court is affirmed.

CRANDALL and RHODES RUSSELL, JJ., concur.

---

**3.** Of course, the prosecutor cannot exercise this discretion in a manner inconsistent with the equal protection clause of the fourteenth amendment. *State v. Watts,* 601 S.W.2d 617, 621 (Mo.

1980). The defendant does not assert here that the prosecutor's election to proceed with second-degree felony murder charges offends the equal protection clause.