STATE of Missouri, Respondent,

v.

**Robin P. MAYER,**
**Defendant/Appellant.**

No. ED 74986.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 5, 1999.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Attys. Gen., Jefferson City, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

A jury found the defendant guilty of felony murder in the second degree pursuant to section 565.021.1(2) RSMo 1994.[1] The underlying felony offense was driving while intoxicated, normally a misdemeanor but elevated to the status of a class D felony because of multiple prior convictions for that same offense. Section 577.023.3. The jury also found the defendant guilty of eight other offenses relating to the automobile accident in issue, but the defendant asserts error only on the murder conviction. The court sentenced him to 20 years imprisonment on the murder count and to consecutive sentences aggregating 22 years and 6 months on the other counts, so that his maximum period of confinement would be 42 years and 6 months. After considering the numerous points and subpoints briefed, we affirm.

The trial court instructed the jury on the elements of driving while intoxicated, and then instructed as follows:

> ... if you find ...
>
> First, that defendant committed driving while intoxicated as defined in Instruction No. 7, and
>
> Second, that the defendant collided his vehicle, in which Amanda Beiter was

---

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

riding, with another vehicle, killing Amanda Beiter, and

Third, that Amanda Beiter was killed as a result of the perpetration of that driving while intoxicated,

then you will find the defendant guilty under Count I of Murder in the Second Degree ...

■ The defendant complains about this instruction solely on the ground that it requires no jury finding as to the existence of prior convictions for driving while intoxicated. He argues that the existence of these convictions is an essential element of the class D felony of driving while intoxicated and that, under the authority of *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), due process requires that the jury be instructed on all essential elements of the offense. He asserts that the judge may not give any kind of instruction that would amount to a finding of fact as to the existence of an essential element.

The state responds by pointing to the legion cases holding that the court may determine the existence of prior convictions without jury input when the statutes provide for enhanced sentencing. *See e.g. State v. Adams*, 808 S.W.2d 925, 933 (Mo. App.1991). The defendant counters that those cases do not apply because they refer only to the enhancement of the sentence and do not change the nature of the offense by adding an essential element.

The same point has been presented to at least two panels of the Court of Appeals, but not resolved by either, because the respective courts found that it had been insufficiently preserved. *State v. Brown*, 996 S.W.2d 719 (Mo.App.1999); *State v. Pembleton*, 978 S.W.2d 352 (Mo.App.1998). The latter case holds that there is no plain error, but such an answer does not establish the absence of reversible error properly preserved.

Our courts have regularly held that the court rather than the jury should determine the existence of prior convictions. The difference between prior convictions for purposes of enhancement and prior convictions as an element of the offense charged is more superficial than real. These convictions are matters of judicial record. They may be established to a moral certainty by certified copies of these records. The jury could perform no useful function in determining the authenticity of the records. There is no error in failing to submit the existence of prior offenses of driving while intoxicated to the jury, as essential elements of second degree felony murder.

■ The defendant points out that section 565.024.1(2) explicitly punishes as involuntary manslaughter the exact conduct charged in Count I of the information as murder in the second degree. He suggests that the state should be required to proceed under the explicit statute covering involuntary manslaughter rather than under the general felony murder statute, arguing that the legislature must not have intended to punish the offense more severely than is authorized by the explicit statute. The point was rejected in *State v. Pembleton*, 978 S.W.2d at 355 (citing *State v. Hermanns*, 641 S.W.2d 768 (Mo. banc 1982)), which held that when two criminal statutes apply, the prosecutor has discretion to proceed under either. Those authorities control and rule the point against the defendant.

■ The defendant next argues that felony driving while intoxicated is not an appropriate predicate offense for a conviction of second degree felony murder. He points to the history of felony murder, in which the intent to commit the underlying felony may be held to have been transferred to the intent to commit homicide which is necessary for a conviction of murder in the second degree. Missouri, however, has substituted statutory felony murder for the common law offense. Section 565.021.1(2) reads in pertinent part as follows:

A person commits the crime of murder in the second degree if he:

. . .

Commits or attempts to commit any felony, and, in the perpetration or attempted perpetration of such felony . . . another person is killed as a result of the perpetration or attempted perpetration of such felony . . .

This statute is full and complete on its face, and the transferred intent analysis is not required by its terms. There is no reason, constitutional or otherwise, why the general assembly could not replace the historic felony murder doctrine with its provisions.

The defendant next argues that the court erred in failing to instruct on involuntary manslaughter as a lesser-included offense. He submitted two instructions on involuntary manslaughter, neither of which was appropriate under the circumstances of this case.

■■■ Requested Instruction B was based on MAI–CR 3d. 313.12. It required findings that "the defendant was thereby criminally negligent." It specified essential elements that were not required under Count I, and were not essential elements of the offense charged in Count I. By established law an instruction on a lesser-included offense is appropriate only if it includes some, but not all, of the elements of the greater offense instructed upon, and requires no finding of an essential element in addition to those set out in the verdict director for the greater offense. *State v. Givens,* 917 S.W.2d 215, 217 (Mo.App. 1996); *State v. Shipley,* 920 S.W.2d 120, 122 (Mo.App.1996). The court did not err in refusing Requested Instruction B.

■ Requested Instruction C also sought a charge on involuntary manslaughter as defined in section 565.024. This submission requires an express finding "that defendant recklessly caused the death of Amanda Beiter." Section 565.024 expressly declares that the offense there defined is. a lesser-included offense in a charge of second degree murder.

By the analysis just presented above, the section 565.024 offense is not a lesser-included offense in the charge of murder in the second degree, because a finding of recklessness is not required for conviction of the greater offense. It might be argued that the section 565.024 offense is expressly made a lesser-included offense by the language of the statute, and that there is ample evidence of recklessness, so that instructing down is required.

We need not pursue this point, however, because cases uniformly hold that a lesser-included instruction is not required unless there is a basis in the evidence for finding the defendant not guilty of the greater offense, but nevertheless guilty of the lesser. Here the first element of the greater offense required the jury to find that the defendant was driving while intoxicated. *See State v. Coleman,* 949 S.W.2d 137, 142 (Mo.App.1997). If the jury did not make that finding there was no basis for conviction of either the greater or the lesser offense, and the jury should have found the defendant not guilty under Count I. The second element of the greater offense called for a finding that the defendant collided with another car, "killing Amanda Beiter." If the jury did not make this finding, then again it should have returned a verdict of not guilty, because it is not charged that anybody but Amanda Beiter was killed. If so, there could be no rationality in a finding that the defendant "recklessly caused the death of Amanda Beiter." Thus, if the jury acquits on the greater offense, there is no rational basis for finding guilt of the lesser offense submitted by Requested Instruction C. If the jury found the defendant not guilty under Instruction 8, there would be nothing left for it to deliberate on.

■ Although lesser-included offenses should be instructed upon if there is any hypothesis under which there could be conviction of the lesser following acquittal of the greater, the evidence in this case

provides no basis at all for such findings. To instruct on the lesser offense under the circumstances of this case would tend to deprive the prosecutor of the discretion discussed earlier as to what is to be charged. The court did not err in refusing Requested Instruction C.

The judgment is affirmed.

RHODES RUSSELL, C.J., and LAWRENCE G. CRAHAN, J., concur.