STATE of Missouri, Appellant,

v.

Patrick CULLEN, Respondent.

No. ED 77834.

Missouri Court of Appeals, Eastern District, Division One.

March 27, 2001.

---

**900**

Jeremiah W. (Jay) Nixon, Attorney General, Adriane D. Crouse, Assistant Attorney General, Jefferson City, MO, for appellant.

Richard R. Veit, St. Charles, MO, for respondent.

RICHARD B. TEITELMAN, Judge.

Patrick Cullen (Defendant) was found guilty by a jury of driving while intoxicated (DWI), in violation of § 577.010 RSMo 1994, and was sentenced by the trial court to six months' confinement.[1] The State of Missouri appeals from the trial court's order denying its request that it be allowed to prove Defendant's alleged persistent DWI offender status, under § 577.023, after submission of the case to the jury but before sentencing. The State argues on appeal that, notwithstanding the fact that the statute expressly requires such status must be proved prior to jury submission, Defendant would not have been prejudiced by allowing untimely proof, and the trial court therefore erred in denying its request. Accordingly, the State argues, this Court should remand with directions that the State be afforded an opportunity to prove Defendant's alleged persistent offender status and for resentencing in the event such status is proved. We affirm.

*FACTUAL AND PROCEDURAL BACKGROUND*

Defendant was charged by information with driving while intoxicated in violation of § 577.010 for a drunk driving incident that occurred on June 12, 1998, which was alleged to be a class D felony in his case in that he was charged as a persistent DWI offender pursuant to § 577.023.1(2).[2] With regard to his alleged persistent offender status, the information charged that Defendant had pled guilty to two previous intoxication-related offenses, one occurring in 1990 and the other occurring in 1992. The case proceeded to a jury trial in November, 1999.

---

1. All further statutory references are to RSMo 1994 unless otherwise specifically noted, except that all references to § 577.023 and § 558.021 are to RSMo Cum.Supp.1999.

2. Defendant was also charged with one count of the infraction of failure to maintain a single lane when the road was of sufficient width to do so. However, that charge is not relevant to any issue raised by this appeal.

Sufficiency of the evidence is not in dispute as to the underlying DWI offense with which Defendant was charged. The State was unable, however, to prove at trial the prior convictions necessary to establish Defendant's alleged persistent DWI offender status.

On the first day of trial, prior to impaneling the jury, the State sought to prove that Defendant had two prior intoxication-related offenses as defined by § 577.023.1(1), and that both of the offenses occurred within ten years of the offense for which he was being tried, as required by § 577.023.1(2). The State submitted its Exhibit 1, which purported to be a record of Defendant's April 1, 1991 guilty plea to driving with excessive blood alcohol content in the municipality of Woodson Terrace, along with State's Exhibit 2, which was a certified copy of Defendant's July 23, 1992 guilty plea for driving while intoxicated in St. Louis County. Defendant objected to the first exhibit on the basis that there was no showing either that the plea was signed by Defendant or that the municipal judge in the case was an attorney.[3]

The trial court ruled that the State did not have sufficient facts to support the admissibility of State's Exhibit 1, although there was no problem with Exhibit 2 and it was received into evidence.[4] The State then requested, and was granted, a brief recess to attempt to contact the municipality or obtain other evidence to support Exhibit 1. These attempts were unsuccessful, and the cause then proceeded to trial.

At the close of the State's evidence, Defendant moved for an acquittal on the charge of driving while intoxicated as a class D felony, on the ground that the State had failed to prove the requisite prior convictions. The State opposed the motion as premature, stating in part: "As for the priors, statutorily we don't have to prove them up until the case is submitted to the jury, and that would be after closing argument when they actually leave this room. That has not happened. As you know, we have some problems with our priors, but I believe this is a premature motion at this point." The trial court then overruled Defendant's motion for acquittal.

At the close of the Defendant's case, the State requested leave to file an amended information to charge that Defendant was a prior felony offender under § 558.016.[5] Over Defendant's objection, the court ruled that Defendant would not be prejudiced thereby, allowed the State to file the amended information, heard evidence, and found that Defendant was a prior felony offender. Because Defendant was found to be a prior felony offender, sentencing was taken away from the jury—i.e., the jury was instructed only to find whether Defendant was guilty of driving while intoxicated and not to assess punishment.

The jury found Defendant guilty. Immediately following the verdict, defense counsel asked the trial court to make a ruling as to whether the State had proved Defendant's alleged persistent DWI offender status. The court made a finding that although the State had proved the

3. Pursuant to § 577.023.1(1), a prior conviction will not be deemed an intoxication-related offense, for purposes of determining alleged prior or persistent DWI offender status, if the judge in the case was not an attorney.

4. The evidence of this single previous alcohol-related conviction, however, was not sufficient to establish Defendant as a "prior" DWI offender as that term is defined by § 577.023.1(3), since the statute provides that when a single prior conviction is relied on to prove "prior" offender status (as opposed to two or more prior convictions which are re-

lied on to prove "persistent" offender status), the prior conviction must have occurred within five years, rather than ten years, of the offense for which the defendant is being tried.

5. Specifically, the amended information charged that Defendant was a prior felony offender in that he had pled guilty to possession of a controlled substance on December 3, 1992. The amended information continued to charge that Defendant was also a persistent DWI offender under § 577.023.

elements of class B misdemeanor driving while intoxicated under § 577.010, it had not proved the necessary prior convictions to support a finding of persistent DWI offender status under § 577.023. The court indicated it would hold a subsequent separate hearing on the issue of whether the State could prove up Defendant's alleged persistent DWI offender status after the jury verdict but before sentencing.

The first such hearing occurred on December 16, 1999. At that time, the State offered State's Exhibit 11, an updated version of State's Exhibit 1. It purported to show that Defendant had pled guilty to driving with excessive blood alcohol content and contained a note by the city clerk of Woodson Terrace stating: "Please be advised that Mr. John B. Gray was the Municipal Judge in April of 1991 for the City of Woodson Terrace and he is an attorney." The State also submitted State's Exhibit 12, a certified copy of Department of Revenue records showing that Defendant had been convicted on March 6, 1991 of driving with excess blood alcohol content. Although questioning whether Exhibit 11 proved that the Municipal Judge in Woodson Terrace was an attorney, the trial court "provisionally" received State's Exhibits 11 and 12 into evidence and ordered a further hearing for January 7, 2000, on the issue of whether the State was entitled to prove Defendant's alleged persistent DWI offender status post-trial. At the January 7, 2000 hearing the court heard extensive argument from both parties, and stated that it would take under submission both the issues of admissibility of the State's exhibits and their timeliness under §§ 577.023.6 and .14.

On March 15, 2000, the court entered its order and judgment finding Defendant guilty of "Driving While Intoxicated, a class B misdemeanor, prior offender status per § 558.016 RSMo." The judgment stated, in pertinent part:

[T]he Court takes up for consideration and ruling Defendant's objection to the State's request and evidence in support thereof, that the Court find Defendant to be a persistent Driving While Intoxicated Offender per § 577.023 RSMo. Having fully considered the arguments of counsel and memoranda and case law in support of their respective positions, the Court hereby finds that, while the State has pleaded and proven sufficient facts to warrant a finding beyond a reasonable doubt that the Defendant is a prior [felony] offender, as the Court found beyond a reasonable doubt at trial in the above styled cause held November 8 and 9, 1999, the State has failed to timely prove before the submission of the case to the jury that Defendant is a persistent DWI offender per § 577.023.6 and § 577.023.14 RSMo. The Court finds that the State, in submitting its Exhibits 11 and 12 after conclusion of the trial by jury, has failed to meet the requirements of § 577.023.6 and .14 RSMo. The Court made no finding of prior or persistent DWI offender status during trial due to the State's request to submit further exhibits. The Court finds that *State v. Cobb*, 875 S.W.2d 533, is distinguishable in that Defendant had been proven and found to be a persistent DWI offender at trial in that cause, a fact which the Court specifically noted.

Thereafter, the trial court sentenced Defendant, as a prior felony offender, to six months' confinement for the class B misdemeanor of driving while intoxicated. This appeal now follows.

## DISCUSSION

In its sole point on appeal, the State contends the trial court erred in refusing to sentence Defendant as a persistent DWI offender merely because the State failed to prove his status before submission of the case to the jury. Defendant disagrees, and further contends the State's appeal is barred by the Double Jeopardy clause.[6] In order to properly present and discuss these issues, it is necessary to first

---

6. U.S. Constitution, Amendment V.

provide the reader a concise overview of the applicable statutory provisions concerning DWI penalty enhancement as well as prior felony offender status.

## I. *Statutory Overview*

Chapter 577 governs intoxication-related traffic offenses. Driving while intoxicated is a class B misdemeanor. § 577.010. A class B misdemeanor is normally punishable by a term of imprisonment not to exceed six months. § 558.011.1(6). When the offense of driving while intoxicated is repeated, however, § 577.023 provides for enhanced sentencing penalties. Section 577.023 provides, in pertinent part:

1. For purposes of this section, unless the context clearly indicates otherwise:

(1) An "intoxication-related traffic offense" is driving while intoxicated, driving with excessive blood alcohol content ... or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance....;

(2) A "persistent offender" is one of the following:

(a) A person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged;

....

3. Any person who pleads guilty to or is found guilty of a violation of section 577.010 or 577.012 who is alleged and proved to be a persistent offender shall be guilty of a class D felony.[7]

....

5. The court shall find the defendant to be a prior offender or persistent offender, if:

(1) The indictment or information ... pleads all essential facts warranting a finding that the defendant is a prior offender or persistent offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender or persistent offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender or persistent offender.

6. In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing.

13. The court shall not instruct the jury as to the range of punishment or allow the jury, upon a finding of guilty, to assess and declare the punishment as part of its verdict in cases of prior offenders or persistent offenders.

14. Evidence of prior convictions shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury....

Chapter 558 contains provisions relating generally to recidivism. These include provisions of § 558.016 which, in conjunction with the extended term procedures of § 558.021, either provide for enhanced sentencing in certain cases or, as in the case of someone found to be a prior felony offender, do not provide for enhanced sentencing but nevertheless allow sentencing to be imposed by the court rather than the jury. Section 558.016 provides, in part:

1. The court may sentence a person who has pleaded guilty to or has been found guilty of an offense to a term of imprisonment as authorized by section 558.011 or to a term of imprisonment authorized by a statute governing the offense, if it finds the defendant is a prior offender or a persistent misde-

---

7. A class D felony is normally punishable by a term of imprisonment not to exceed five years. § 558.011.1(4).

meanor offender, or to an extended term of imprisonment if it finds the defendant is a persistent offender or a dangerous offender.

2. A "prior offender" is one who has pleaded guilty to or has been found guilty of one felony.

## II. Double Jeopardy/Appellate Jurisdiction

At the outset, we must determine whether we have appellate jurisdiction. *State v. Morton,* 971 S.W.2d 335, 339 (Mo. App. E.D.1998). The State's appeal is authorized only if "the possible outcome" of the appeal would not "result in double jeopardy for the defendant...." *Id.*; § 547.200.2 RSMo Cum.Supp.1999. Defendant has filed a motion to dismiss the appeal. He argues in that motion, as well as in his brief, that the relief sought herein by the State—remand for a new opportunity to prove Defendant's alleged persistent DWI offender status, and resentencing if that status is proved—would for the second time place him in jeopardy of conviction "for the class D felony of driving while intoxicated," and hence that the appeal is statutorily unauthorized and we are without jurisdiction to consider it. We disagree.

Missouri courts have consistently held that double jeopardy is not violated when an appellate court in non-capital proceedings remands for determination of persistent offender status and resentencing. *State v. Cobb,* 875 S.W.2d 533, 537 (Mo. banc 1994); *State v. Herret,* 965 S.W.2d 363, 365 (Mo.App. E.D.1998); *Tate v. State,* 752 S.W.2d 393, 394 (Mo.App. E.D. 1988); *State v. Lee,* 660 S.W.2d 394, 399–400 (Mo.App. S.D.1983); *State v. Cullen,* 646 S.W.2d 850, discussion at 856–59 (Mo. App.W.D.1982).

■ This rule is based in large part on the long-held jurisprudential view that habitual offender statutes merely define a recidivist status, for which the offender may be more heavily punished, rather than defining a separate offense, or even a sep-arate element of the underlying offense with which the defendant is charged. See 39 Am Jur 2d, *Habitual Criminals and Subsequent Offenders,* § 1. Such recidivism statutes "have a long tradition in this country that dates back to colonial times," *Almendarez–Torres v. U.S.,* 523 U.S. 224, 118 S.Ct. 1219, 1230, 140 L.Ed.2d 350 (1998), and are generally regarded as "defining a penalty rather than a crime." 22 C.J.S. *Criminal Law,* § 276 (1989). Thus, a statute authorizing the imposition of enhanced punishment on repeat offenders does not create a separate offense, *State v. Hefflin,* 338 Mo. 236, 89 S.W.2d 938, 940–41 (1936); and one who is charged as a second or subsequent offender (in contemporary legal parlance, a "prior" or "persistent" offender) is not accused of any crime other than the one principally charged, *State v. King,* 365 Mo. 48, 275 S.W.2d 310, 312 (1955).

■ Section 577.023 is such a statute. It has been referred to by our courts, aptly, as "a specific subsequent offense penalty enhancement statute." *State v. Ewanchen,* 799 S.W.2d 607, 608 (Mo. banc 1990); *Self v. State,* 14 S.W.3d 223, 226 (Mo.App. S.D.2000). As such, proof of one or more prior intoxication-related convictions under § 577.023 is not an essential element of the underlying intoxication-related offense for which a defendant is charged, regardless of whether the offense charged is a defendant's first, second, third or umpteenth such offense. Rather, the proof of such prior convictions merely serves to authorize enhanced punishment for the underlying offense charged, if the defendant is found guilty. Accordingly, since the determination of prior or persistent offender status involves only punishment and sentencing procedure, rather than a determination of a defendant's guilt or innocence, a remand for further hearings concerning that status and possible resentencing does not violate double jeopardy. See *State v. Lee,* 660 S.W.2d at 400.

Further, we recognize that the U.S. Supreme Court has recently rendered several decisions that are highly relevant to this area of the law. Our review of those decisions leads us to conclude that they still remain consistent with the traditional view that double jeopardy does not apply to sentencing enhancement proceedings. See *Almendarez–Torres v. U.S.*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that statutory provision specifying greater penalty based on recidivism was merely a sentencing factor rather than defining a separate element of the underlying offense; also noting, at 118 S.Ct. 1232, that "sentencing-related circumstances of recidivism are not part of the offense for double jeopardy purposes."). See also *Monge v. California*, 524 U.S. 721, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998) (specifically holding that double jeopardy clause does not bar a rehearing on a prior conviction determination in noncapital sentencing proceedings). And although the court's recent holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) may represent a significant shift in the court's thinking, it nevertheless appears that both *Almendarez–Torres* and *Monge* remain, at least for now, controlling law. We note that in deciding *Apprendi* the Supreme Court explicitly declined to overrule either of those cases. *Apprendi*, 120 S.Ct. at 2362; and *id.* at n. 14. Further, *Apprendi* specifically exempted recidivism from its holding: "*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, at 2362–63 (emphasis added). This is fully consistent with the reasoning of Missouri courts, which have long recognized that recidivism is a factor uniquely appropriate for court-determined sentencing enhancement, and have specifically held that prior convictions under § 577.023 are not an "essential element" of the class D felony of driving while intoxicated that must be submitted to a jury. *State v.*

*Mayer*, 3 S.W.3d 423, 425 (Mo.App. E.D. 1999).

For all of the foregoing reasons, we hold that Defendant would not be subject to double jeopardy in violation of the Fifth Amendment to the United States Constitution and Article I, § 19 of the Missouri Constitution, if the State's appeal in this case were successful. Accordingly, we have appellate jurisdiction and Defendant's motion to dismiss the appeal is denied.

### III. *Propriety of Trial Court's Refusal to Allow Post–Trial Proof of Alleged Prior Convictions*

In its point on appeal, the State contends the trial court erred in refusing to permit enhanced sentencing under § 577.023 merely because the State failed to timely prove Defendant's persistent DWI offender status prior to submission of the case to the jury, as the statute requires. The State argues that Defendant would not in any way have been prejudiced by allowing his persistent offender status to be proven after the jury verdict, since the purpose for which § 577.023 directs the State to prove a defendant's status before submission of the case to the jury is simply to determine whether the jury or the court will be sentencing the defendant, and in this case sentencing had already been taken away from the jury due to the fact that Defendant had been found to be a prior felony offender under § 558.016. Further, the State notes, § 558.021, the Missouri statute setting forth the procedural requirements for proving general prior or persistent felony offender status, is analogous to § 577.023; and in interpreting the former statute Missouri courts have long held that allowing the State to belatedly prove a defendant's prior or persistent offender status after a jury verdict is only harmless error and not prejudicial. Here, the State argues, the trial court did not make any finding of prejudice, but rather based its ruling solely on the State's failure to comply with the statute's requisites as to timeliness. Thus, the State

concludes, because it would have only amounted to harmless error and not been prejudicial to Defendant if his alleged persistent DWI offender status had been proven after submission of the case to the jury, the trial court erred in not allowing the State to do so.

The State is correct that the basic purpose of § 577.023's requirement that proof of a defendant's prior or persistent offender status be made before jury submission, just as with § 558.021, is to keep the matter of prior convictions away from the jury. See *State v. Wilwording*, 394 S.W.2d 383, 387 (Mo.1965).[8] The State is further correct that numerous cases under § 558.021 have held that when a defendant in a jury trial is found to be a prior or persistent offender after, rather than before, the case has been submitted to the jury, the failure to timely prove and find the defendant's prior or persistent offender status is not reversible error unless it results in actual prejudice to the defendant. See *State v. Hinkle*, 987 S.W.2d 11, 15 (Mo.App. E.D. 1999); *State v. Jordan*, 978 S.W.2d 36, 41–42 (Mo.App. E.D.1998); *State v. Jennings*, 815 S.W.2d 434, 446 (Mo.App. E.D.1991); *State v. Tincher*, 797 S.W.2d 794, 797 (Mo. App.S.D.1990); *State v. Richardson*, 719 S.W.2d 884, 885–86 (Mo.App. W.D.1986); *State v. Jones*, 703 S.W.2d 41, 43 (Mo.App. S.D.1985); *State v. Wynn*, 666 S.W.2d 862, 864 (Mo.App. E.D.1984).

All of these cases, however, have also recognized that it *is* still error—albeit "harmless" error—for a trial court to allow proof of a defendant's prior or persistent offender status after submission of the case to the jury. See, e.g., *State v. Wynn*, 666 S.W.2d at 864 ("The failure to comply with the statutory procedure was more than a mere irregularity; it constituted error. The question is whether the error was prejudicial."). See also *State v. Hinkle*, 987 S.W.2d at 15 (trial court "erred in

failing to adhere to the directives of Section 558.021 ... when it permitted evidence that Defendant was a prior and persistent offender after submission to the jury"); *State v. Tincher*, 797 S.W.2d at 797 (trial court's procedure in allowing findings as to persistent offender status after jury submission "unquestionably departed from the statutory mandate" and therefore constituted error); *State v. Richardson*, 719 S.W.2d at 885 ("unmistakable language" of statute "imposes a duty on the court to enter a finding as to prior, persistent or dangerous offender before submitting the case to the jury," and "failure to follow the statute is more than an irregularity; it is error.").

■ Likewise in the case at bar, the language of the statute is clear. Both § 577.023.6 as well as § 577.023.14 expressly, plainly and unequivocally provide that in a jury trial a defendant's status as a prior or persistent DWI offender shall be heard and determined by the trial court prior to submission to the jury. It is the duty of the trial court to ensure compliance with the statute. See *Wynn*, 666 S.W.2d at 864. Prior convictions are the basis for enhanced punishment or procedural differences, and the State is required not only to prove the fact of prior convictions, but to do so in conformity with applicable statutory requirements. *State v. Monroe*, 18 S.W.3d 455, 458 (Mo.App. S.D. 2000).

■ Canon 3 of Missouri's Code of Judicial Conduct states, in pertinent part: "A judge shall be faithful to the law...." Thus, in the case at bar, it was not only the right but the duty of the trial judge to refuse to intentionally commit error, even "harmless" error, that involved a direct violation of the statute, and specifically to refuse to countenance what Missouri ap-

---

**8.** Although we note that the version of § 558.021 originally enacted in 1977 allowed for persistent offender hearings to be held *after* a jury verdict of guilty, and it was not until 1981 that the statute was amended to

require that in a jury trial the hearing must be held prior to submission of the case to the jury. *State v. Chunn*, 636 S.W.2d 166, 167 (Mo.App. S.D.1982); Laws of Missouri 1977, S.B. No. 60, p. 670.

pellate courts have criticized as "prosecutorial laxity" in failing to comply with the timeliness requirements regarding proof of alleged persistent offender status. *State v. Jennings*, 815 S.W.2d at 446; *State v. McGowan*, 774 S.W.2d 855, 858 (Mo.App. W.D.1989). This is particularly true when, as the record shows in this case, the trial court gave the State every possible opportunity to prove Defendant's alleged status before submission of the case to the jury.

This Court will not order the trial court to intentionally commit error; and the trial court here did not err in declining the State's request that it do so. The judgment and sentence are affirmed.

ROBERT G. DOWD, Jr., P.J., and MARY RHODES RUSSELL, J., concur.