**STATE of Missouri, Respondent,**

v.

**Mark A. ROYAL, Appellant.**

**No. WD 69152.**

Missouri Court of Appeals,
Western District.

March 3, 2009.

Frederick J. Ernst, Kansas City, MO, Counsel for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Shaun J. Mackelprang, Jefferson City, MO, Counsel for Respondent.

Before THOMAS H. NEWTON, C.J., JOSEPH M. ELLIS, and JAMES EDWARD WELSH, JJ.

THOMAS H. NEWTON, Chief Judge.

Mr. Mark Royal appeals his convictions of driving while intoxicated (DWI), section 577.010,[1] second-degree assault, section 565.060.1(4), and second-degree murder, section 565.021.1(2). Mr. Royal challenges the sufficiency of the evidence that he was intoxicated while driving and the validity of his DWI conviction. Because his DWI conviction is a lesser-included offense of the second-degree assault conviction, we reverse in part and affirm in part.

---

1. Statutory references are RSMo 2000 and the Cumulative Supplement 2007, unless otherwise indicated.

## Factual and Procedural Background

On November 2, 2006, around 11:00 p.m., Mr. Royal ran a red light in his truck and hit a car. The driver of the car died from the collision and the driver's two passengers were injured. A driver nearby, James Henton, heard a loud boom but no sound of brakes. Mr. Henton drove his van to the scene immediately after he heard the crash. He observed Mr. Royal to be in a daze, sitting in a truck. Mr. Henton along with other bystanders assisted the rear seat passenger out of the damaged car. By this time, police and emergency vehicles were at the scene.

Officer Vincent Lowe arrived at the scene approximately five to seven minutes after being dispatched. Mr. Henton informed him that Mr. Royal was the driver of the truck. Officer Lowe then spoke with Mr. Royal. Officer Lowe observed Mr. Royal swaying with slow body movement, detected a strong odor of alcohol on Mr. Royal's breath and about his person, and noticed Mr. Royal's eyes were bloodshot. When Officer Lowe asked him if he had been drinking, Mr. Royal admitted to having "a little" to drink. Officer Lowe detained Mr. Royal in handcuffs. Mr. Royal did not stray from the area where he was detained while Officer Lowe conducted other police duties.

Thereafter, Officer Christopher Ciarletta arrived at the scene. He also noticed that Mr. Royal's eyes were bloodshot and detected a strong smell of alcohol about his person. Officer Ciarletta asked Mr. Royal his name. Mr. Royal slowly responded with mumbled words. Officer Ciarletta had Mr. Royal transported to the police station for sobriety testing. Mr. Royal failed all field sobriety tests administered. After Officer Ciarletta informed Mr. Royal

of the implied consent law, Mr. Royal refused to submit to a breath test. The time of refusal was 12:05 a.m. Mr. Royal was placed in a detention facility while the police obtained a search warrant to draw his blood. A search warrant was issued at approximately 3:37 a.m., and Mr. Royal was transported to the hospital for a blood draw. The test revealed Mr. Royal's blood alcohol level was .235 grams per deciliter.

Subsequently, Mr. Royal was charged with five offenses. He was charged with DWI as a persistent offender, which enhanced the offense to a class D felony [2] and second-degree murder (felony murder) for killing the driver during the course of committing the felony of driving while intoxicated. He was also charged with driving while his license was revoked and two counts of second-degree assault for injuring the passengers through criminal negligence while driving intoxicated.

Mr. Royal waived his right to a jury trial. After hearing the evidence above, the court convicted Mr. Royal of DWI as a persistent offender, felony murder, two counts of second-degree assault, and driving while his license was revoked. Mr. Royal was sentenced to ten years for the second-degree murder conviction, seven years for each count of second-degree assault, four years for the DWI conviction, and four years for driving with a revoked license, all to run concurrently. Mr. Royal appeals.

## Standard of Review

When an appellant challenges the sufficiency of evidence in a criminal case, our review is limited to a determination as to whether there is sufficient evidence from which the trial court could have found the

---

**2.** Driving while intoxicated is a misdemeanor but becomes a felony for a person who has been found guilty of two or more prior intoxi-cation-related traffic offenses according to section 577.023. Mr. Royal was convicted of DWI in 1995 and again in 1996.

defendant guilty beyond a reasonable doubt. *State v. Davis,* 226 S.W.3d 927, 929 (Mo.App. W.D.2007)(citing *State v. Crawford,* 68 S.W.3d 406, 407–08 (Mo. banc 2002)). In our review, we accept as true all evidence and inferences favorable to the verdict. *Crawford,* 68 S.W.3d at 407–08. We do not reweigh the evidence, and we disregard all contrary evidence and inferences. *Davis,* 226 S.W.3d at 929.

### Legal Analysis

■ Mr. Royal argues that the trial court erred in convicting him of class D felony DWI, felony murder, and two counts of second-degree assault, because there was insufficient evidence to prove he was intoxicated while driving a motor vehicle. Mr. Royal argues that the only evidence supporting intoxication consists of untimely observations and results from tests that were performed at "undetermined times remote from the time of the accident." Specifically, he argues that there was no evidence "to indicate what time the [accident] happened" such that he could have drunk alcohol after the accident, or immediately before, and become intoxicated while waiting for the police rather than while driving.

■ The State was required to prove beyond a reasonable doubt that Mr. Royal was intoxicated at the time of the accident to substantiate his convictions—DWI, felony murder, and second-degree assault—because each offense required the trial court to find DWI beyond a reasonable doubt. A person commits DWI if he operates a motor vehicle in an intoxicated condition. § 577.010. Although a *prima facie* case of intoxication is established when a chemical test result reports the driver's blood alcohol content exceeding the legal limit, other competent evidence can show intoxication. *State v. Rose,* 86 S.W.3d 90,

105 (Mo.App. W.D.2002) (citing section 577.037.3).

■ Intoxication may be proven by the defendant's behavior including: loss of balance, slurred speech, lack of body coordination, and impairment of motor reflexes. *State v. Maggard,* 906 S.W.2d 845, 849 (Mo.App. S.D.1995). Testimony from any witness who has had a reasonable opportunity to observe this behavior may constitute sufficient proof. *Id.* Refusal to take a breathalyzer test is also evidence from which a reasonable inference can be drawn that the driver is intoxicated. *State v. Knifong,* 53 S.W.3d 188, 194 (Mo.App. W.D.2001) (citing section 577.041).

There was sufficient evidence from which a fact finder could find beyond a reasonable doubt that Mr. Royal was intoxicated at the time of driving. Apparently, Mr. Royal drove through a red light without pressing the brakes. Officer Lowe arrived at the scene shortly thereafter, observed Mr. Royal's bloodshot eyes and swaying movements, and smelled alcohol on his breath and person. Mr. Royal informed Officer Lowe that he had "a little to drink." Additionally, Officer Ciarletta observed Mr. Royal exhibiting behaviors consistent with intoxication. After the accident, Mr. Royal failed field sobriety tests and refused a breathalyzer. This evidence alone supports a finding of intoxication absent the blood test result. *See Rose,* 86 S.W.3d at 105–06.

Mr. Royal bases his argument that he became intoxicated after the accident, while waiting for the police, on the proposition that significant time had passed between his driving and the police observing him to be intoxicated. When significant time lapses between the accident and the observation of the defendant's intoxication, the state must prove the defendant did not have access to alcohol during the interim. *See State v. Byron,* 222 S.W.3d 338, 343–44

(Mo.App. W.D.2007) (finding insufficient evidence because defendant was not at accident scene, was found after an hour or more had elapsed since the accident, and had access to alcohol during the interim). In this case, there is no evidence that significant time had passed between Mr. Royal's driving and the police observing him, but the evidence could support such a contrary inference. Nor was there evidence that he had access to alcohol after the accident. We disregard contrary inferences that can be drawn from the evidence unless a reasonable juror would be unable to disregard them. *Knifong,* 53 S.W.3d at 193. The contrary inferences drawn by Mr. Royal are not of the nature that a reasonable fact finder could not disregard them. *See id.* Mr. Royal's conduct causing the accident and his behavior observed after the accident support the reasonable inference that he was intoxicated while driving. Accordingly, Mr. Royal's first point is denied.

■ In his second point, Mr. Royal argues that the trial court plainly erred in convicting and sentencing him for DWI and two counts of second-degree assault when the charges for the offenses were based on the same incident because DWI, section 577.010, is a lesser included offense of second-degree assault, section 565.060.1(4), thereby violating "his right to be free from double jeopardy as guaranteed by the [Double Jeopardy Clause] of the United States Constitution and [s]ection 556.041." Whether a violation of the Double Jeopardy clause has occurred is reviewed *de novo.* *State v. Mullenix,* 73 S.W.3d 32, 34 (Mo.App. W.D.2002). Mr. Royal concedes that he has failed to preserve this issue and requests plain error review.

■ Plain error review involves a two-step process. *State v. Beggs,* 186 S.W.3d 306, 311 (Mo.App. W.D.2005). First, we determine if the claim of error is evident, obvious, and clear. *Id.* An error meeting these characteristics is considered plain error. *Id.* Second, we determine whether this plain error prejudiced the defendant such that a miscarriage of justice or manifest injustice occurred if left uncorrected. *Id.* Mr. Royal asserts that we should grant plain error review because the trial court had no power to enter the conviction for driving while intoxicated. "[T]here is an exception to the general rule that a [double jeopardy] claim is waived when the court can determine from the face of the record that the court had no power to enter the conviction." *See State v. Harris,* 243 S.W.3d 508, 511 (Mo.App. W.D.2008) (internal quotation marks and citation omitted). Accordingly, we review Mr. Royal's claim for plain error.

■ The Double Jeopardy Clause protects a defendant against multiple punishments for the same offense. *Id.* Section 556.041(1) states that a defendant whose conduct may establish the commission of one or more offenses may not be convicted "of more than one offense if ... [o]ne offense is included in the other, as defined in section 556.046." Section 556.046 states that an offense is included in the other when (1) it is established by proof of the same or lesser facts necessary to show the commission of the other offense; (2) the statute "specifically denominate[s]" the offense as a lesser degree of the other offense; or (3) "[i]t consists of an attempt to commit the offense charged or to commit an offense otherwise included therein." Convictions for both an offense and the lesser-included offense violate the Double Jeopardy Clause and section 556.041(1), resulting in reversible error. *See State v. Cunningham,* 193 S.W.3d 774, 782–83 (Mo. App. S.D.2006); *State v. Polson,* 145 S.W.3d 881, 894, 897 (Mo.App. W.D.2004). Mr. Royal claims that DWI is a lesser-

included offense because a person must drive while intoxicated to commit second-degree assault under section 565.060.1(4). We agree.

In determining whether one offense is included in the other under section 556.046, we focus on the statutory elements rather than the evidence used to prove the commission of the offenses. *Polson*, 145 S.W.3d at 897. This court has previously stated that "[a]n individual may not be convicted of both [DWI] and [second-degree assault] pursuant to § 565.060.1(4) because [DWI] is a lesser included offense of the method or second degree assault criminalized by that statute." *State v. Karr*, 968 S.W.2d 712, 718 (Mo.App. W.D.1998) (citing to *Rost v. State*, 921 S.W.2d 629, 634 (Mo.App. S.D. 1996)). The *Karr* court noted the driver could have been charged with violating both statutes because the evidence established another incidence of DWI after the defendant drove away from the accident. *Id.* The State contends that this analysis is not applicable to this case because Mr. Royal was convicted of felony DWI rather than DWI.

■ The State argues that using the *Blockburger*[3] test, second-degree assault and felony DWI are separate offenses. Under the *Blockburger* test, the offenses are different if each contains an element that the other does not. *Yates v. State*, 158 S.W.3d 798, 802 (Mo.App. E.D.2005). Section 565.060.1(4) states: A person commits the crime of second-degree assault if he operates a motor vehicle while intoxicated and "when so operating, acts with criminal negligence to cause physical injury to any other person than himself[.]" As stated earlier, a person commits the crime of driving while intoxicated if he operates a motor vehicle while intoxicated. § 577.010. Section 577.023 enhances a DWI from a misdemeanor to a felony with the proof of prior convictions. The State reasons that felony DWI is a separate offense because it requires the proof of prior convictions, which second-degree assault does not require.

■ This court rejected the State's argument that the priors required to enhance the DWI offense to a felony constitute additional elements to the DWI offense in *State v. Cullen*, 39 S.W.3d 899, 904 (Mo.App. E.D.2001). The *Cullen* court held that "proof of one or more prior intoxication-related convictions under section 577.023 is not an essential element of the underlying intoxication-related offense for which a defendant is charged." *Id.* Although the State argues that *Cullen* is incorrect in light of recent United States Supreme Court decisions, we agree with the *Cullen* court that the Supreme Court has not overruled its prior decisions holding that recidivism (prior convictions) is a sentencing factor rather than an element of an underlying offense. *Id.* at 905. Applying the *Cullen* court's reasoning, the enhancements of punishment under section 577.023 for DWI are not additional elements of the underlying offense—DWI.

Because the State used the same facts to prove Mr. Royal drove while intoxicated as evidence for the element—operating a motor vehicle in an intoxicated condition—of second-degree assault under section 565.060.1(4), this violated both Mr. Royal's right to be free from double jeopardy and

3. The *Blockburger* test states: "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Yates v. State*, 158 S.W.3d 798, 802 (Mo.App. E.D.2005) (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

section 556.041. The trial court committed plain error by entering the convictions for both offenses. This plain error resulted in the manifest injustice of violating Mr. Royal's protection against double jeopardy. *See Cunningham,* 193 S.W.3d at 782; *Polson,* 145 S.W.3d at 897 (finding manifest injustice despite the sentences for the offense and included offense running concurrently). Accordingly, we grant Mr. Royal's second point.

### Conclusion

Mr. Royal's first point is denied because the evidence was sufficient to sustain a finding for driving while intoxicated. But Mr. Royal's second point is granted because it was plain error for the trial court to enter two convictions for the same offense. Therefore, we reverse the DWI conviction and vacate that sentence. *See Polson,* 145 S.W.3d at 897. We affirm the judgment in all other respects.

ELLIS and WELSH, JJ. concur.