**Affirmed and Memorandum Opinion filed March 5, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00098-CV

## IN THE INTEREST OF A.R.M.S. AND G.R.S., CHILDREN

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 65638**

## M E M O R A N D U M   O P I N I O N

Mother filed a notice of appeal challenging the trial court's denial of her petition for bill of review. Finding Mother failed to adequately brief this issue on appeal, we determine that nothing is presented for our review and therefore affirm the trial court's judgment.

### ANALYSIS

Neither the clerk's record nor Mother's appellate brief provides a clear description of this matter's procedural history. The clerk's record contains the following:

| February 25, 2021 | Mother's petition to modify the parent-child relationship, in which she sought to be named the children's sole managing conservator. |
| --- | --- |
| March 16, 2021 | Father's answer. |
| January 19, 2022 | Motion to withdraw filed by Father's attorney. The order granting the motion is followed by a notice of appearance for Father's new attorney. |
| September 29, 2022 | Father's motion for an order compelling discovery. |
| September 29, 2022 | Mother's motion for the trial court judge to confer with the children. |
| November 14, 2022 | Father's counter-petition to modify the parent-child relationship, in which Father sought to change the amount of Mother's child support obligation. |
| January 13, 2023 | Corrected agreed temporary orders. |
| January 13, 2023 | Signed order in suit to modify parent-child relationship. |
| February 13, 2023 | Mother's notice of appeal. |

The argument portion of Mother's appellate brief is six pages comprised of 23 numbered paragraphs. Liberally construed, Mother's brief appears to assert that Mother did not receive notice of the "August 14, 2017 trial date" in the underlying proceeding and, accordingly, the post-answer default judgment entered against her should be set aside. The brief then appears to argue that the trial court erred in denying Mother's petition for bill of review. The clerk's record does not contain any reference to the "August 14, 2017 trial date," the post-answer default judgment entered against Mother, or Mother's petition for bill of review.

However, the appellate record does contain a reporter's record from the

2

October 28, 2021 hearing on Mother's petition for bill of review. At the hearing, Mother's attorney stated that the petition for bill of review was filed in January 2018 and asserted that Mother did not receive notice of the August 2017 trial setting in the underlying proceeding. This violated Mother's "due process rights," her attorney argued, because the order issued after the August 2017 trial setting (1) made Father the children's primary joint managing conservator, and (2) instituted a child support obligation on Mother.

> Ruling on the petition, the trial court stated:

> I do not find notice of the August 14, 2017[] final trial. [Father's attorney], off the record, indicated that he sent it; but he doesn't have a copy of it to look at today.

> Since I don't have that, I'm going to grant in part and deny in part the bill of review. The Temporary Orders' notice was provided appropriately. So, those orders will stay in place with regard to custody. But the final hearing notice, I haven't seen; and therefore, the bill of review will be granted from a due process standpoint on final [sic] because I don't have notice of that final hearing.

>         *                *              *

> So granted in part, denied in part.

Mother's appellate brief, read in conjunction with this reporter's record, makes it even more difficult to ascertain exactly what relief Mother is requesting on appeal — particularly since the trial court granted in part Mother's petition for bill of review.

The Rules of Appellate Procedure require that an appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). When an appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for our review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150

S.W.3d 423, 427 (Tex. 2004); *In re L.E.R.*, 650 S.W.3d 771, 788 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

Here, Mother's brief wholly fails to present any issue for appellate review: it does not contain any citations to the record nor does it provide any substantive analysis for our consideration. Therefore, we conclude Mother's alleged issue is waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *see also, e.g.*, *In re L.E.R.*, 650 S.W.3d at 788-89.

## CONCLUSION

We affirm the trial court's January 13, 2023 order in suit to modify parent-child relationship.


/s/    Meagan Hassan
        Justice


Panel consists of Justices Hassan, Poissant, and Wilson.

4