**STATE of Missouri, Respondent,**

v.

**Ricky Lynn EMERY, Appellant.**

**No. SC 84718.**

Supreme Court of Missouri,
En Banc.

Jan. 28, 2003.

Kelly M. Bosserman, Steven A. Privette, Willow Springs, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Nicole Gorovsky, Assistant Attorney General, Jefferson City, for Respondent.

MICHAEL A. WOLFF, Judge.

Ricky Lynn Emery appeals from his conviction for driving while intoxicated (DWI) and assault in the second degree. The trial court sentenced Emery without a jury verdict as to sentence, which is the manner prescribed for sentencing a prior or persistent offender under sections 558.016 and 557.036.4.[1] Emery contends, and the state agrees, that he was improperly sentenced where the state failed to offer evidence that he was a prior or persistent offender as required by section 558.021.2. The parties disagree, however, as to how this Court should remedy the error. Emery contends that his assault conviction should be vacated and that he should receive a new trial. The state requests remand for resentencing and an opportunity to prove Emery's prior and persistent offender status.

The parties agree that Emery's conviction for DWI should be vacated because the convictions for DWI and second degree assault, arising from the same incident, violate Emery's double jeopardy right because DWI is a lesser included offense of second degree assault.

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

After opinion by the Court of Appeals, Southern District, this Court granted transfer. This Court has jurisdiction. Mo. CONST. art. V, sec. 10.

The DWI conviction is vacated. The second-degree assault conviction is vacated, and the case is remanded for resentencing without regard to prior or persistent offender status. On remand, the trial court judge will sentence Emery because, for reasons set out below, Emery has waived his right to a jury-recommended sentence.

**Facts**

Emery and Bob Fullington were at a party at Norma Gean's house in Mountain Grove, Missouri, where, from 11:30 p.m. on January 27, 2001, until 3:30 p.m. the next afternoon, they drank alcohol and played cards. When Emery and Fullington got into Fullington's truck to leave the party, Emery was in the driver's seat. Gean, believing Emery was too intoxicated to drive, refused to give him the keys. Fullington then switched places with Emery and, with Fullington driving, the two left.

Fullington drove to a café a couple of blocks away, stopped the truck and switched places with Emery. Emery then drove the truck south on Route 95. He ran a stop sign. The truck struck the driver's side of an approaching sport utility vehicle, causing the SUV to roll over many times. As a result of the collision, Cheryl Todd, the SUV driver, suffered fractured ribs and bruises on her arm, leg and head.

Emery was charged with DWI, section 577.010, and second-degree assault, section

565.060. The information charged that Emery was a prior and persistent offender under sections 558.016 and 557.036.4. Under section 558.016, a prior offender is one who has pled guilty to or has been found guilty of one felony; a persistent offender is one who has pled guilty to or has been found guilty of two or more felonies committed at different times. The state is required to plead facts in the information or indictment that the defendant is a prior or persistent offender and must offer evidence to prove such status prior to the case's submission to the jury. Section 558.021. If the court finds that a defendant is a prior or persistent offender, the judge sentences the defendant rather than allowing the jury to recommend a sentence. Section 557.036.2(2). Additionally, if the court finds that a defendant is a persistent offender, the defendant is subject to extended maximum terms of imprisonment under section 558.016.7.[2]

In this case the information described two instances, one in 1991 and one in 1997, where Emery allegedly pled guilty to felony DWI. However, at trial the state presented no evidence to prove the alleged prior offenses, as required by section 558.021.2.

On appeal, Emery argues that sentencing him without a jury verdict as to sentence was in error because the state did not put forth any evidence indicating he was a prior or persistent offender. He also argues that, as a result, he was wrongfully denied the opportunity to have the jury recommend his sentence.[3] To

---

**2.** Section 558.016.7 enumerates the enhanced maximum terms of imprisonment for a persistent offender for each felony level. For example, section 558.016.7(2) provides that the maximum term of imprisonment for a class B felony by a persistent offender is 30 years, while section 558.011.1(2) provides that the usual maximum for a class B felony is 15

years. Section 557.036.2(2) provides that the court shall instruct the jury to declare the punishment as a part of the verdict, unless the state pleads and proves the defendant is a prior or persistent offender.

**3.** Because Emery was convicted of a class C felony, a finding that he was a persistent offender would subject him to a maximum

remedy this error, Emery requests that his conviction for assault be vacated and that he receive a new trial on the second degree assault charge, with a jury recommendation as to sentence.

The state concedes that it failed to offer evidence proving Emery's prior and persistent offender status and that, as a result, the court erred in sentencing him in the manner provided for a prior or persistent offender. The state asserts, however, that the remedy for this error is to remand for resentencing with instructions to allow the state to present evidence of Emery's prior and persistent offender status.

### The Effect of the State's Failure to Prove Prior and Persistent Offender Status

■ This Court agrees that the trial court erred in sentencing Emery without a jury verdict as to sentence. Where the state fails to present evidence before the case is submitted to the jury, which is the timing the statute explicitly requires, there is no basis on which to sentence Emery as a prior and persistent offender. Section 558.021.2.

To remand and allow the state now to present evidence of Emery's alleged prior and persistent offender status would violate the timing requirement of section 558.021.2. The state contends, however, that any such error would be harmless: if Emery is proved to be a prior and persistent offender, he should be sentenced as such and is not prejudiced by the lack of a jury recommendation.

The question is whether this Court should order the trial court to commit a second error in order to correct its previous error. Or, to put it another way, should the Court follow the old adage that two wrongs do not make a right?

The same issue, in a different posture, was presented in *State v. Cullen,* 39 S.W.3d 899 (Mo.App.2001). Before the verdict in *Cullen,* the state had proved that defendant had been convicted of one intoxication-related traffic offense, but section 577.023 [4] requires the state to prove two such offenses to sentence defendant as a persistent DWI offender. The trial court found that the state failed timely to prove the defendant was a persistent DWI offender in violation of section 577.023.6, which, in language identical to that in 558.021.2, requires presentation of such evidence prior to the case's submission to the jury. *Id.* at 902. The appellate court affirmed, finding that it was the right and duty of the trial judge "to refuse to intentionally commit error, even 'harmless' error, that involved a direct violation of the statute . . . ." *Id.* at 906. The *Cullen* court cited "prosecutorial laxity," noting the state's duty to prove prior convictions "in conformity with applicable statutory requirements." *Id.*

In support of its assertion that the proper remedy in the present case is remand for resentencing, the state relies in part on *State v. Cobb,* 875 S.W.2d 533 (Mo. banc 1994). Unlike *Cullen,* there was no prosecutorial laxity in *Cobb,* which is distinguishable from the present case. At trial in *Cobb,* the state, in accordance with pre-

---

sentence of 20 years under section 558.016.7(3), rather than a maximum of seven years under section 558.011.1(3). In this case, the judge sentenced Emery to seven years imprisonment, the maximum allowed for a person not sentenced as a persistent offender. Emery contends he lost the opportunity for the jury to recommend a number of

years lower than seven. A judge is not permitted to impose a sentence that exceeds the jury's recommendation. Section 557.036.3.

**4.** This section is similar to section 558.016 in that it provides for extended prison sentences for those who are prior or persistent offenders of intoxication-related traffic offenses.

vious interpretation of the applicable statute, proved two prior intoxication-related offenses to establish persistent DWI offender status. While the case was pending before the appellate court, this Court in *State v. Stewart,* 832 S.W.2d 911 (Mo. banc 1992), determined that Missouri's persistent DWI offender statute, section 577.023, required proof of three prior convictions. This Court held that *Stewart* applied to all cases then pending appellate review. Cobb contended that remanding for sentencing violated his double jeopardy right. No issue was raised as to the timing required by statute. This Court rejected the double jeopardy argument and remanded for resentencing to provide the state an opportunity to comply with *Stewart.* As the court of appeals noted in *Cullen,* the state in *Cobb* had timely proved at trial that the defendant was a persistent DWI offender. 39 S.W.3d at 902. *See Cobb,* 875 S.W.2d at 534, 537. In the present case, unlike *Cobb,* the prosecution has not even attempted to do what the statute requires.

The state asserts that *Cullen* is distinguishable from the present case because the trial court in *Cullen* refused to commit error; thus, there was no need to remand for resentencing. The state argues that in the present case error has already been committed and can be remedied by a remand. But a remand would require the sentencing court to commit error by violating section 558.021.2.

Though the posture of this case is different from *Cullen,* the principle is the same. This case should be remanded for resentencing, but will not be remanded for further error.[5]

### The Defendant's Waiver of a Jury–Recommended Sentence

■ Section 557.036.2 provides that the court "shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as part of their verdict" unless the state pleads and proves the defendant is a prior or persistent offender. Emery argues that, because the court erroneously sentenced him, he lost the opportunity for the jury to recommend a sentence to the judge. Because the jury could have recommended a sentence lower than the maximum sentence of seven years, which the judge could not then exceed, Emery argues his right to due process has been violated.

■ It is true that part of the function of the jury is to set the ceiling on the sentence a defendant will receive. *See State v. Cooper,* 16 S.W.3d 680, 682 (Mo. App.2000). The judge can impose a lesser punishment but cannot exceed the punishment recommended by the jury. This sentencing right is statutory, not constitutional. *Id.*

Emery has waived his statutory right to a jury-recommended sentence where he allowed the judge to determine his sentence without raising his right to have the jury recommend a sentence. Prior to sub-

---

5. The state cites three court of appeals decisions, but none seems dispositive. In *State v. Wynn,* 666 S.W.2d 862 (Mo.App.1984), neither the judge nor the prosecutor remembered whether the state had proven defendant's priors at trial; it was considered harmless error to allow the state to present persistent offender evidence prior to sentencing. *State v. Greer,* 879 S.W.2d 683 (Mo.App. 1994), was much the same as this Court's decision in *State v. Cobb.* And in *State v. Herret,* 965 S.W.2d 363 (Mo.App.1998), remand was believed to be appropriate to allow the state to prove defendant's prior offender status where the trial court erroneously found defendant to be a prior offender based on proof of a robbery conviction that, unknown to the court at the time of sentencing, had been vacated.

mission of the case to the jury, the state had not offered evidence that Emery was a prior and persistent offender. Had Emery's counsel timely raised the issue, the state could have realized its error and offered evidence of Emery's prior and persistent offender status which, if proved, would have subjected Emery to a maximum sentence of 20 years rather than seven. Emery chose to sit on his statutory right. He cannot now be deemed entitled to a jury-recommended sentence. He has waived that right.

## Was the Jury Improperly Informed that Emery Was a Prior Offender?

 Emery argues that because he was charged with a felony DWI and because the information charged him as a prior and persistent offender, the jurors were misled into believing he was a prior offender. This misdirection, he asserts, affected their deliberations and findings. However, Emery cites no authority in support of his position. He also cites no facts to show that the jury was aware he had prior offenses.

The state correctly asserts that this Court cannot assume or speculate that the jury knew of prior offenses simply because Emery was charged with a felony DWI. Further, there is no evidence that the jury saw the information alleging Emery's prior offenses. Prior offenses are penalty enhancing and are only to be determined by the judge. Section 558.021.1(3). Great care is taken to keep prior convictions away from the jury. When the state presents evidence that a defendant is a prior and persistent offender, the hearing on that issue is held out of the jury's presence. Section 558.021.2. Emery provides no evidence that this process was in some way tainted, causing the jury to glean information about his prior convictions. There is no authority or factual support

for a conclusion that jurors were in any way misled.

## Conclusion

Emery's DWI conviction is vacated. His conviction for second-degree assault is vacated, and the case is remanded for resentencing. On remand, the trial judge is to impose sentence for second-degree assault, without jury recommendation and free from the sentence enhancement that would have resulted if Emery were proved to be a prior and persistent offender.

All concur.