STATE of Missouri, Respondent,

v.

William WEAVER, Appellant.

No. WD 63529.

Missouri Court of Appeals,
Western District.

July 12, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 2005.

Application for Transfer Denied
Dec. 20, 2005.

Craig A. Johnston, Columbia, MO, for appellant.

Deborah Daniels, Jefferson City, MO, for respondent.

Before NEWTON, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

HAROLD L. LOWENSTEIN, Judge.

Following a jury trial, William Weaver was found guilty of first-degree assault, Section 565.050,[1] and armed criminal action, Section 571.015. He was then sentenced by the trial judge to thirty years imprisonment on each count to be served consecutively. Weaver now appeals, claiming that he was denied his right to be sentenced by a jury under Section 557.036. The judgment is affirmed.

## I. UNDERLYING FACTS

Weaver had an altercation with his brother, Rusty Weaver. Later, when a neighbor agreed to drive Rusty to different location, Weaver shot the neighbor with a shotgun. Weaver was arrested and charged with first-degree assault and armed criminal action.

At trial, after the State's opening statement, a bench conference was held where Weaver's counsel explained to the judge, "I've spoken to Mr. Weaver concerning [sentencing], and he desires to have a judge sentencing at the punishment phase should it go that far, sir." The trial judge decided to resolve the issue later after reviewing the relevant authority.

Later at trial, another bench conference was held on the issue of punishment. The trial judge and attorneys on both sides agreed that the judge would decide the punishment if a guilty verdict was returned. The jury ultimately found Weaver guilty, and a sentencing hearing was held where the trial judge stated, "the defendant asked ... that any sentencing that became necessary be carried out by the judge as opposed to a jury determination of what the punishment should be.... Do you see it any other way?" Weaver's defense counsel replied "no." The trial judge then sentenced Weaver to two consecutive sentences of thirty years imprisonment.

---

1. All statutory references are to RSMo. (2000)    unless otherwise indicated.

## II. Standard of Review

■ Weaver did not raise the issue of punishment at trial, so this court may only conduct review for plain error. *State v. Hamilton*, 8 S.W.3d 132, 134 (Mo.App. 1999). Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted. Rule 30.20. Under the plain error rule, the defendant bears the burden of proving the existence of manifest injustice. *State v. Polson*, 145 S.W.3d 881, 890 (Mo.App.2004); *State v. Norman*, 145 S.W.3d 912, 921 (Mo.App.2004).

## I. Analysis

Weaver's sole point on appeal claims that the trial court "erred when it failed to hold a jury-tried punishment stage under Section 557.036." This statute requires that a jury assess the punishment unless the defendant requests in writing, prior to voir dire, that the court assess the punishment.[2] Weaver contends that, although his attorney spoke with the trial judge stating, "I've spoken to Mr. Weaver concerning [sentencing], and he desires to have a judge sentencing at the punishment phase should it go that far," the trial judge should have "determine[d] if Mr. Weaver personally waived this right." He does not contend that he did not desire the trial judge determine his sentence. Weaver argues that unless the record indicates that his waiver was made voluntarily, knowingly, and intelligently, his waiver was not valid.

■ First, as Weaver concedes, there is no constitutional right to jury sentencing. *State v. Emery*, 95 S.W.3d 98, 102 (Mo. banc 2003); *Ring v. Arizona*, 536 U.S. 584, 597 n. 4, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). The defendant does however have a statutory right to jury sentencing unless he waives that right. *Emery*, 95 S.W.3d at 102; *State ex rel. Eggers v. Enright*, 609 S.W.2d 381, 387 (Mo. banc 1980) ("a defendant has the right under § 557.036[ ] to waive a jury for the sentencing phase"). A defendant waives his right to a jury at the punishment stage of trial when he allows the judge to determine his sentence without invoking his statutory right. *Emery*, 95 S.W.3d at 102.

*Emery* decided what was required for a valid waiver when it addressed a prior version of the statute at issue in this case. There, the defendant was convicted by a jury of second-degree assault. *Id.* at 99. The statute required that the trial judge determine the defendant's sentence if the state proved that he was a prior or persistent offender. *Id.* at 100. Erroneously, the trial court determined the defendant's sentence without such proof. *Id.* at 101. *Emery* held, that although the trial court erred in sentencing the defendant without a jury, the defendant nevertheless "waived his statutory right to a jury-recommended sentence where he allowed the judge to determine his sentence without raising his right to have the jury recommend a sentence." *Id.* at 102. Because the defendant "chose to sit on his statutory right," he was not entitled to a jury recommended sentence. *Id.* at 103.

2. Section 557.036 provides,
"Where an offense is submitted to the jury, the trial shall proceed in two stages. At the first stage, the jury shall decide only whether the defendant is guilty or not guilty of any submitted offense.... The issue at the second stage of the trial shall be the punishment to be assessed and declared.... [T]he court, and not the jury, shall assess punishment if: (1) The defendant request in writing, prior to voir dire, that the court assess the punishment in case of a finding of guilt; or (2) The state pleads and proves the defendant is a prior offender...."

■ Like in *Emery,* the trial court in this case did not follow the explicit guidelines of the statute. The defendant's request for the judge to determine his punishment was neither in writing nor prior to voir dire. His oral request took place after the prosecutor's opening statement. As a result, the trial judge should have denied Weaver's request since it was untimely and not in writing. Section 557.036.4(1).

■ This, however, does not end the matter. In spite of the trial court's error, Weaver validly waived his right to jury sentencing when he requested the judge through his attorney to determine his punishment. In *Emery,* all that was required for the defendant to waive his right to jury sentencing was for him "to sit on his statutory right" and allow the judge to determine his sentence. 95 S.W.3d at 103. Here, not only did Weaver choose not to invoke his right to jury sentencing, but he also affirmatively expressed to the court, on three separate occasions, his request for the judge to sentence him. There is absolutely no evidence that Weaver did not intelligently waive his right. Although the better practice, under these circumstances, would have been to conduct a hearing on the record with the defendant affirmatively waiving his statutory right, and such hearing being held prior to submission of the case, the failure to do so does not entitle Weaver to a reversal and remand.

Weaver fails to show under the plain error standard of review that manifest injustice has occurred. Weaver urges this court to reverse the trial court's determination of his sentence because the trial judge erroneously granted *his request* to be sentenced by the court. Under the plain error standard, this court cannot find that manifest injustice has taken place when Weaver requested court sentencing and is merely unhappy with the result.

The judgment is affirmed.

All concur.