

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD76385 |
| | ) | |
| SEAN A. PRICE, | ) | Opinion filed:  June 3, 2014 |
| | ) | |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI
### The Honorable Dorothea Christine Carpenter, Judge

Before Division One:  Joseph M. Ellis, Presiding, Judge,
Karen King Mitchell, Judge and Anthony Rex Gabbert, Judge

Appellant Sean A. Price appeals from his conviction of two counts of statutory sodomy in the first degree, § 566.062,[1] and the sentence that resulted therefrom. Appellant contends that the trial court plainly erred when it sentenced him because the record does not reflect, with unmistakable clarity, that he knowingly, intelligently, and voluntarily waived his right to jury-recommended sentencing. For the following reasons, the judgment is affirmed.

---

[1] Unless otherwise noted, all statutory citations are to RSMo 2000 as updated through the 2012 Cumulative Supplement.

Appellant does not challenge the sufficiency of the evidence to support his conviction; nor are the facts of this case pertinent to the resolution of this appeal. Accordingly, we set forth only the procedural history of this case.

In 2010, Appellant was indicted on two counts of first-degree statutory sodomy. Prior to trial, Appellant filed "Defendant's Waiver of Jury Sentencing," which stated that Appellant, "by and through counsel" was "waiv[ing] his right to jury sentencing in this case." Defense counsel filed the written waiver during a pre-trial conference at which Appellant was present.[2]

In 2013, a jury found Appellant guilty as charged. The trial court entered its judgment accordingly and subsequently sentenced Appellant to two concurrent twenty-five-year prison terms. Appellant did not object at the sentencing hearing or in any post-trial motion to the court assessing his punishment. Appellant timely filed this appeal from the trial court's judgment.

In his sole point, Appellant contends that the trial court plainly erred when it failed to hold a jury-tried punishment stage under § 557.036. Appellant avers that, although his defense counsel submitted a written waiver of Appellant's right to jury-recommended sentencing, his due process rights were violated because the trial court failed to question him on the record about the waiver. Thus, he asserts that manifest injustice resulted because the record does not reflect that he knowingly, intelligently, and voluntarily waived his right to jury sentencing.

---

[2] The record does not reflect that the trial court expressly ruled on the waiver. Nevertheless, § 557.036 does not expressly or by implication give the trial court any discretion in granting a defendant's request for the court to assess sentencing. *See State v. Burke*, 809 S.W.2d 391, 394 (Mo. App. E.D. 1990). Additionally, at a pre-trial hearing on January 16, 2013, the trial court noted that the waiver had been filed and agreed with defense counsel's statement that it had already sustained the waiver.

Appellant concedes that he failed to preserve this issue for appellate review by not raising it before the trial court. Nevertheless, he requests that we review it for plain error. Under Rule 30.20, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Our review, therefore, is two-fold. "First, [we] must determine whether the trial court committed an evident, obvious, and clear error affecting the defendant's substantial rights." **State v. Troya**, 407 S.W.3d 695, 700 (Mo. App. W.D. 2013). "Second, even if a clear error is found, this Court cannot grant relief unless it determines that manifest injustice or a miscarriage of justice resulted from the error." **Id.**

Despite Appellant's contention that manifest injustice resulted because he was not questioned on the record regarding his waiver of jury-recommended sentencing, nothing in § 557.036 requires such a waiver to be made on the record.[3] Section 557.036.3 provides: "If the jury at the first stage of a trial finds the defendant guilty of the submitted offense, the second stage of trial shall proceed" at which "[t]he jury shall assess and declare the punishment as authorized by statute." Nevertheless, the "second stage of the trial shall not proceed and the court, and not the jury, shall assess punishment if . . . [t]he defendant requests in writing, prior to voir dire, that the court assess the punishment in case of a finding of guilt." **§ 557.036.4**. Accordingly, pursuant to § 557.036, a defendant waives his right to jury-recommended sentencing by requesting, in writing and prior to *voir dire*, that the court sentence him or her.

---

[3] Appellant's attempt to equate waiver of jury-recommended sentencing to waiver of the right to a jury trial is misplaced. A defendant's right to a jury trial is a constitutional right, whereas jury-recommended sentencing and waiver thereof are permitted by statute.

Here, Appellant's defense attorney proffered a written waiver to the trial court at a pre-trial hearing. The waiver expressly states that Appellant, by and through his counsel, is waiving his right to jury sentencing in this case. Thus, in accordance with § 557.036, Appellant waived his right to jury-recommended sentencing by filing a written request prior to *voir dire*.[4]

Moreover, Appellant further waived his right to jury-recommended sentencing by failing to invoke his right prior to the court sentencing him. The right to a jury-recommended sentence is statutory, not constitutional. *State v. Weaver*, 178 S.W.3d 545, 547 (Mo. App. W.D. 2005). A defendant "waive[s] his statutory right to a jury-recommended sentence where he allow[s] the judge to determine his sentence without raising his right to have the jury recommend a sentence." *State v. Emery*, 95 S.W.3d 98, 102 (Mo. banc 2003); *see also Weaver*, 178 S.W.3d at 547 ("A defendant waives his right to a jury at the punishment stage of trial when he allows the judge to determine his sentence without invoking his statutory right.").

Accordingly, the record reflects that Appellant waived his right to jury-recommended sentencing not only by filing a written waiver prior to trial but also by failing to invoke his statutory right prior to the court sentencing him. Under such circumstances, no error, plain or otherwise, occurred. Point denied.

---

[4] Appellant misinterprets *State v. Weaver*, 178 S.W.3d 545, 548 (Mo. App. W.D. 2005), to the extent that he contends it stands for the proposition that a hearing, on the record, is required to ensure a defendant knowingly and voluntarily waives his or her statutory right to jury-recommended sentencing. In *Weaver*, there was no written waiver prior to *voir dire* requesting the court assess the defendant's punishment. *Id.* at 546, 548. Instead, the defendant's attorney orally requested that the court assess punishment after the State's opening statement. *Id.* at 546. In concluding that no plain error resulted from the trial court assessing the defendant's punishment, we warned that "the better practice, *under these circumstances*, would have been to conduct a hearing on the record with the defendant affirmatively waiving his statutory right [to jury-recommended sentencing]". *Id.* at 548 (emphasis added). Thus, *Weaver* stands for the proposition that when a defendant fails to request, in writing and prior to *voir dire*, a court-assessed sentence, then a record should be made regarding the defendant's waiver of jury-recommended sentencing.

Judgment affirmed.

_____
Joseph M. Ellis, Judge

All concur.

5