

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD76819** |
| | ) | |
| **v.** | ) | **OPINION FILED: June 24, 2014** |
| | ) | |
| **JEREL T. JACKSON,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable John M. Torrence, Judge

Before Division Three: Thomas H. Newton, Presiding Judge, Mark D. Pfeiffer, Judge
and Cynthia L. Martin, Judge

Jerel Jackson ("Jackson") appeals from the trial court's judgment convicting him

of two counts of murder in the second degree, one count of assault in the first degree, and

three counts of armed criminal action, and sentencing him to a total of twenty years

imprisonment. Jackson asserts that the trial court committed plain error when it

proceeded with a sentencing without first determining that Jackson knowingly,

voluntarily, and intelligently waived his right under section 557.036[1] to have a jury recommend the sentences to be imposed. We affirm.

## Factual and Procedural Background

Following a jury trial, the trial court entered a judgment convicting Jackson of two counts of murder in the second degree, one count of assault in the first degree, and three counts of armed criminal action. The trial court sentenced Jackson to concurrent sentences of twenty-two years for each murder count, twenty-two years for the assault count, and three years for each count of armed criminal action. Jackson appealed, and we affirmed the judgment in part, vacated the judgment in part, and remanded to the trial court for jury-recommended sentencing. *State v. Jackson*, 385 S.W.3d 437 (Mo. App. W.D. 2012).

On remand, Jackson, through his counsel, filed a written request for the court to assess punishment without a jury recommendation. At a hearing, the trial court asked whether Jackson wished "to waive his right to have a jury hear the sentencing issue." Jackson's counsel answered in the affirmative, and Jackson remained silent. The trial court proceeded with a bench trial to determine Jackson's sentencing. Following the bench trial, the trial court entered a judgment that concurrently sentenced Jackson to twenty years for each murder count, twenty years for the assault count, and three years for each count of armed criminal action.

Jackson appeals.

---

[1]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

2

## Standard of Review

Jackson concedes that he did not object when the trial court proceeded with the sentencing trial without a jury. Thus, Jackson seeks plain error review pursuant to Rule 30.20. "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. Plain error review requires a two-step process. *State v. Rios*, 314 S.W.3d 414, 422 (Mo. App. W.D. 2010). First, we must determine whether the claimed error "facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *Id.* (internal quotation marks omitted). In other words, the error must be "evident, obvious, and clear." *Id.* If we find that an error was established on the face of the claim, we may proceed to the second step: whether manifest injustice or miscarriage of justice will occur if the error is left uncorrected. *Id.*

## Analysis

Jackson argues that the trial court committed plain error in conducting a sentencing trial without a jury because it failed to determine first that Jackson's waiver of jury sentencing was knowing, intelligent, and voluntary. Jackson points out that pursuant to section 557.036, he had a right to jury sentencing. Jackson contends that because the record does not demonstrate a knowing, intelligent, and voluntary waiver of this right, he was denied due process, a manifest injustice requiring reversal and remand.

Section 557.036 creates a statutory right to jury-recommended sentencing. It provides, in relevant part:

3

2. Where an offense is submitted to the jury, the trial shall proceed in two stages. At the first stage, the jury shall decide only whether the defendant is guilty or not guilty of any submitted offense. The issue of punishment shall not be submitted to the jury at the first stage.

3. If the jury at the first stage of a trial finds the defendant guilty of the submitted offense, the second stage of the trial shall proceed. The issue at the second stage of the trial shall be the punishment to be assessed and declared. . . .

The statutory right to jury-recommended sentencing may be waived upon written request filed with the trial court before voir dire begins. Section 557.036.4.

Here, Jackson's counsel filed a written request for the trial court to assess punishment. The request stated, in its entirety:

COMES NOW Defendant, Jerel T. Jackson, by and through counsel, Steven Willibey, and, pursuant to Section 557.036 RSMo 2004, hereby requests that the Court assess punishment in this case.

This written request constituted a valid waiver of jury-recommended sentencing. We cannot convict a trial court of committing plain error when it has followed the letter of the law.

Jackson argues that although the written waiver may have satisfied the requirements of section 557.036.4, in the absence of specific inquiry of Jackson on the subject, the trial court could not assess whether the waiver was knowing, intelligent, and voluntary in denial of his due process rights. Jackson cites no authority in support of this proposition. Moreover, Jackson's argument fails to apprehend that the right to jury sentencing is statutory, not constitutional, in its origin. *State v. Emery*, 95 S.W.3d 98, 102 (Mo. banc 2003). Jackson is entitled to nothing more than the statute requires insofar as waiver of the right to jury-recommended sentencing is concerned. Jackson's written

4

request that sentencing be determined by the court effectively waived his rights under section 557.036.

Moreover, "[a] defendant waives his right to a jury at the punishment stage of trial when he allows the judge to determine his sentence without invoking his statutory right." *State v. Weaver*, 178 S.W.3d 545, 547 (Mo. App. W.D. 2005). In both *Emery* and *Weaver*, the defendants allowed the trial courts to determine their sentences without raising their statutory right for a jury-recommended sentence. Both judgments, insofar as they related to sentencing by the trial court, were affirmed. Here, Jackson stood idly by when the trial court asked about, and his trial counsel confirmed, Jackson's intention to waive his statutory right to jury-recommended sentencing.

The record reflects that Jackson waived his statutory right to a jury-recommended sentence. The facts in this case are materially indistinguishable from those in *State v. Price*, No. WD76385, 2014 WL 2478695 (Mo. App. W.D. June 3, 2014), where we recently rejected an identical claim that due process rights are implicated unless a trial court conducts specific inquiry on the record of a defendant who has waived in writing, and by silent acquiescence, his statutory right to jury-recommended sentencing.

The trial court did not commit error, plain or otherwise. Jackson's point on appeal is denied.

### Conclusion

We affirm.

_____
Cynthia L. Martin, Judge

All concur

5