Fernandez-Molina appeals.
Standard of Review
We presume a motion court's ruling on a post-conviction motion is correct. Hougardy v. State , 534 S.W.3d 874, 877 (Mo. App. W.D. 2017). "Appellate review of the [motion] court's action on the motion filed under ... Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 29.15(k). "To be clearly erroneous, we must be left with a 'definite and firm impression that a mistake has been made.' " Hougardy , 534 S.W.3d at 877 (quoting McLaughlin v. State , 378 S.W.3d 328, 337 (Mo. banc 2012) ).
Analysis
Fernandez-Molina asserts five points on appeal. Though each point addresses a distinct claim of ineffective assistance of counsel, all of the points assert that it was clearly erroneous to deny the referenced claim without an evidentiary hearing. Our review of Fernandez-Molina's points on appeal is thus limited to determining whether it was clearly erroneous to deny his Motion without an evidentiary hearing.
An evidentiary hearing is not required to dispose of a post-conviction motion if "the motion and the files and records of the case conclusively show that the movant is entitled to no relief ..." Rule 29.15(h); see also Johnson v. State , 406 S.W.3d 892, 898 (Mo. banc 2013). "As distinguished from other civil pleadings, courts will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions or from a prayer for relief." Morrow v. State , 21 S.W.3d 819, 822 (Mo. banc 2000) (citing White v. State , 939 S.W.2d 887, 893 (Mo. banc 1997) ). Fernandez-Molina is entitled to an evidentiary hearing only if his Motion "(1) allege[s] facts, not conclusions, warranting relief; (2) raise[s] factual matters that are not refuted by the file and record; and (3) raise[s] allegations that resulted in prejudice." Johnson , 406 S.W.3d at 898-99 (citing Morrow , 21 S.W.3d at 822 ).
More specifically, because the claims raised in Fernandez-Molina's Motion allege ineffective assistance of counsel, to obtain an evidentiary hearing, the Motion must:
[A]llege facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that the movant was thereby prejudiced.
Morrow , 21 S.W.3d at 823 (citing State v. Brooks , 960 S.W.2d 479, 497 (Mo. banc 1997) ) (itself citing Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). "To demonstrate prejudice, the facts alleged must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Morrow , 21 S.W.3d at 823.
Point I: Failure to Move to Strike Venire Panel
In his first point on appeal, Fernandez-Molina argues that the motion court clearly erred in denying without an evidentiary hearing his claim of ineffective assistance *352 of counsel based on trial counsel's failure to move to strike the entire venire panel for cause. Fernandez-Molina's Motion alleges that the "entire venire panel had a pre-conceived bias in favor of a child witness[,]" because when asked during voir dire "does anyone think that it's possible that a child might be confused or lie about being touched inappropriately[,]" no member of the venire panel raised a hand. Fernandez-Molina asserts that this constituted admitted bias, and that the bias prejudiced him because the "failure to challenge for cause a venireperson who admits to a prejudice against the defendant is ineffectiveness absent an acceptable explanation." James v. State , 222 S.W.3d 302, 307 (Mo App. W.D. 2007) (quotation omitted).
The motion court denied Fernandez-Molina's claim, and concluded:
[T]he failure of the jury panel to respond to this question by trial counsel would not have provided a basis to strike the entire panel and if such a motion would have been made, the Court would have denied it. Trial counsel's alleged failure to object and request the entire panel be stricken for cause was not ineffective assistance of counsel.
By making this finding without an evidentiary hearing, the motion court effectively found that Fernandez-Molina's Motion did not allege facts, as opposed to conclusions, warranting relief. This was not clearly erroneous.
Fernandez-Molina's claim concludes that the venire panel's lack of a response to the voir dire question he refers to demonstrated admitted bias by each venireperson. However, there is another reasonable explanation for the venire panel's lack of response. The venire panel may have believed they were being asked whether it was im possible for a child to be confused or to lie. This inference is consistent with the fact that nearly identical questions had already been asked eliciting responses that demonstrated the venire panel believed children could be confused and coached to lie. The relevant voir dire questions, including the question about which Fernandez-Molina complains, were as follows:
Trial Counsel: ... Now, does anybody here think that kids always tell the truth? All right. And -
The Court: For the record, no one responded -
Trial Counsel: Right
The Court: - just so the record is clear.
Trial Counsel: Anyone think that a kid can never get confused about what they've seen or heard? (No response.) All right. For the record, no response.
Who thinks that a child might lie or might be confused about what they saw, say, at a schoolyard fight or something like that? They're asked - they're brought into - you know, into the principal's office and they're called to give an account of what happened there. Who thinks it's possible that any of those kid witnesses might be confused or they might lie about what happened? All right. For the record it looks like most everybody has raised their number.
Now, does anybody think that a child cannot be coached to tell a story?
The Court: And for the record, nobody responded.
Trial Counsel: Thank you. And does anyone think that it's possible that a child might be confused or lie about being touched inappropriately? (No response.) All right. For the record, nobody raised their hand.
The motion court observed in the Judgment that it was not clear why no members of the venire panel responded to the *353 last question, particularly given their earlier responses:
It is true that no jurors responded to the question by trial counsel about the possibility that a child might lie or be confused about being touched inappropriately. However, this was the last question in a series of questions to the jury panel inquiring whether child witnesses always tell the truth, get confused or lie about an event. The responses indicated that members of the jury panel did not believe children always told the truth and that children could lie or be confused in reporting a past event. The entire panel agreed with the proposition that a child could be coached to tell a story. Why no members of the panel responded to the direct question about whether a child might be confused or lie about being touched inappropriately is not clear as there was no follow-up to the question. The nonresponse by the venire panel is inconsistent with their earlier responses where they had agreed that children could lie or be confused about an event. It may be that the venire panel was confused by the question or perhaps members of the panel believed that a four-year-old could not be confused or lie about sexual abuse.
In short, it cannot be said as a matter of law that the lack of a response to the voir dire question about which Fernandez-Molina complains demonstrated admitted bias by each member of the venire panel, particularly when the question is viewed in context. See Pearson v. State , 280 S.W.3d 640, 646 (Mo. App. W.D. 2009) (holding that the qualifications of jurors are not determined conclusively by a single response, but are determined from the "context of the entire voir dire examination"). On the face of the record, it was not clearly erroneous for the motion court to conclude that a motion to strike the entire venire panel would not have been granted because the nonresponse did not demonstrate admitted bias. As such, there was no need for an evidentiary hearing to determine whether trial counsel had a reasonable strategy for failing to move to strike the entire venire panel for cause. The motion court did not clearly error in denying Fernandez-Molina's claim of ineffective assistance of counsel without an evidentiary hearing.
Point I is denied.
Point II: Failure to Impeach G.F.
In his second point on appeal, Fernandez-Molina argues that the motion court clearly erred in denying without an evidentiary hearing his claim of ineffective assistance of counsel based on trial counsel's failure to properly cross-examine and impeach G.F. Specifically, Fernandez-Molina complains that trial counsel did not cross-examine G.F. about: (i) whether someone other than Fernandez-Molina inappropriately touched G.F.; (ii) ambiguous language used by G.F. to describe where she had been touched; (iii) whether Fernandez-Molina had spanked G.F.; and (iv) whether G.F. was coached by the babysitter to identify Fernandez-Molina as her abuser. Fernandez-Molina's Motion alleges that he was prejudiced by trial counsel's failure to impeach G.F. on these subjects because had he done so, there is a reasonable probability the outcome of his case would have been different.
The motion court denied Fernandez-Molina's claim, finding that Fernandez-Molina suffered no prejudice because evidence regarding the same subjects was or could have been admitted through other witnesses. The motion court also concluded that trial counsel's decision not to more rigorously cross-examine four-year-old G.F. was a reasonable trial strategy. In doing so, the motion court effectively determined *354 that Fernandez-Molina was not entitled to an evidentiary hearing on his Motion because he did not allege facts warranting relief or establishing prejudice that were not refuted by the record. This was not clearly erroneous.
By denying Fernandez-Molina's claim without an evidentiary hearing, the trial court did not have the benefit of trial counsel's testimony. However, the trial court did have the benefit of the record, and of an understanding of the applicable law. Here, the motion court found that at least some of the topics about which G.F. was not cross-examined had been developed through other witnesses, and the Judgment identified that testimony. Trial counsel is not ineffective for failing to examine a witness about topics that would have been cumulative to the testimony of other witnesses. See Johnson , 406 S.W.3d at 909 (reasoning that trial counsel "is not ineffective for failing to call a witness whose testimony would be cumulative to that of other witnesses").
The motion court also found that topics not raised with G.F. could have been raised with other witnesses, and that the failure to raise the topics with G.F. was reasonable trial strategy. It is presumed that trial counsel's "decision not to impeach a witness is a matter of trial strategy." Barton v. State , 432 S.W.3d 741, 750 (Mo. banc 2014). Here, trial counsel's objective on cross-examination is plain from the record. Trial counsel sought to demonstrate that G.F. was too young to understand the difference between the truth and a lie, and could be easily coached. Trial counsel's cross-examination of G.F. was effective for this purpose:
Q: Hi there [G.F.]. [G.F.], do you remember talking to me a little while ago?
A: Yeah.
Q: Yeah? Do you remember - what color tie was I wearing then?
A: Pink.
Q: I was. Yes. What color tie am I wearing now?
A: Blue.
Q: Blue. All right. Now, do you know the difference between a truth and a lie? Let me ask you this. If I said - if I said, [G.F.], this tie is pink, would that be a truth or a lie?
A: Truth.
Q: It would be a truth. Okay. And so is it - what you told us today about daddy, is that a truth or a lie?
A: A truth.
On this record, it was not clearly erroneous for the motion court to conclude without an evidentiary hearing that it was a reasonable trial strategy for trial counsel not to further cross-examine G.F. about topics that were or could have been covered with other witnesses when the cross-examination conducted effectively demonstrated that G.F. had difficulty understanding the difference between a truth and a lie.
Finally, it was not clearly erroneous for the motion court to conclude without an evidentiary hearing that Fernandez-Molina was not prejudiced by trial counsel's failure to further cross-examine G.F. Barton , 432 S.W.3d at 750 (holding decision not to impeach is strategic, and cannot be argued as ineffective assistance unless the "impeachment would have provided ... a defense or would have changed the outcome of the trial"). Fernandez-Molina has not alleged that a more extensive cross-examination of G.F. would have afforded him with a complete defense. And, although the Motion alleges that there is a reasonable probability that the outcome of Fernandez-Molina's trial would have been different had G.F. been more aggressively cross-examined, *355 this conclusory allegation is not sufficient to warrant an evidentiary hearing.
Point II is denied.
Points III and IV: Failure to Call Mother as Witness
We address Fernandez-Molina's third and fourth points together as they both concern trial counsel's failure to call G.F's mother as a witness. In his third point on appeal, Fernandez-Molina argues that the motion court clearly erred in denying without an evidentiary hearing his claim that trial counsel was ineffective for failing to call mother as a witness during the section 491.075 hearing. In his fourth point on appeal, Fernandez-Molina argues that the motion court clearly erred in denying without an evidentiary hearing his claim that trial counsel was ineffective for failing to call mother as a witness at trial. In connection with both points, Fernandez-Molina's Motion alleges that trial counsel was aware mother could be a witness; that mother was available and willing to testify; and that mother would have testified that G.F. said that the babysitter told her to identify Fernandez-Molina as her abuser, about statements made by G.F. implicating persons other than Fernandez-Molina, and that she had not encouraged G.F. to change her story about who had abused her. Fernandez-Molina's Motion alleges that the failure to call mother during the section 491.075 hearing prejudiced him because mother's testimony "would have gone to the issue ... that the time, content and circumstances of the statement[s] provided by G.F. did not provide sufficient indicia of reliability to warrant admission of her statements" to six witnesses. Fernandez-Molina alleges that the failure to call mother at trial prejudiced him because mother's testimony "would have provided evidence for the jury to consider whether G.F. was coached or mistaken."
The motion court denied Fernandez-Molina's claims. The motion court found that Fernandez-Molina's Motion failed to allege how mother knew that G.F. had implicated persons other than Fernandez-Molina, suggesting that mother's testimony would have been inadmissible hearsay. With respect to this aspect of mother's purported testimony, the motion court thus found that Fernandez-Molina did not allege facts warranting relief as trial counsel cannot be ineffective for failing to offer inadmissible testimony into evidence. McLaughlin v. State , 378 S.W.3d 328, 346 (Mo. banc 2012). Fernandez-Molina has not challenged this finding on appeal.
The motion court also found that Fernandez-Molina was not prejudiced by mother's failure to testify at the section 491.075 hearing as "her proffered testimony would not have changed the Court's ruling on the motion to admit the child's [out-of-court] statements pursuant to the provisions of [s]ection 491.075." The motion court and the trial court were the same in this case, rendering the motion court's ruling particularly persuasive. On appeal, Fernandez-Molina has not argued that it was clearly erroneous for the motion court to conclude that mother's proffered testimony would not have changed the outcome of the section 491.075 ruling. And Fernandez-Molina has not explained why an evidentiary hearing was required to permit the motion court to make this determination.
Finally, the motion court found that mother's proffered testimony about G.F.'s identification of others as her abuser, and about G.F. having been told to identify Fernandez-Molina as her abuser, was admitted through the testimony of other witnesses at trial, a finding that is *356 not challenged by Fernandez-Molina. Trial counsel is "not ineffective for failing to call a witness whose testimony would be cumulative to that of other witnesses." Johnson , 406 S.W.3d at 909. See also, Denson v. State , 31 S.W.3d 166, 176-77 (Mo. App. W.D. 2000) (affirming the denial of a claim of ineffective assistance of counsel without an evidentiary hearing based on trial counsel's failure to call witnesses whose testimony about defendant's self-defense claim would have been cumulative of other testimony presented at trial).
The motion court did not clearly err in denying without an evidentiary hearing Fernandez-Molina's claims of ineffective assistance of counsel based on trial counsel's failure to call mother as a witness.
Points III and IV are denied.
Point V: Improper Advice on Waiver of Jury Sentencing
In his fifth point on appeal, Fernandez-Molina argues that the motion court clearly erred in denying without an evidentiary hearing his claim of ineffective assistance of counsel based on trial counsel's failure to accurately advise about the effect of jury sentencing. Specifically, Fernandez-Molina claims that trial counsel "did not explain that the jury's sentence would be a recommendation and a cap and that any final sentence would be given by the judge at or below any number recommended by the jury[,]" and that had he been properly advised, he would not have waived jury sentencing and there is a reasonable probability he would have received a lesser sentence.
The motion court denied Fernandez-Molina's claim, finding it to be "refuted by the Written Waiver of his Right to Have the Jury Assess Punishment that was executed by [Fernandez-Molina] as well as his statements to the Court regarding his decision to waive the right to jury sentencing." Thus, the motion court denied Fernandez-Molina's claim without an evidentiary hearing because it was refuted by the record. This was not clearly erroneous.
The right to jury sentencing is a statutory right pursuant to section 557.036, not a constitutional right. Roberts v. State , 356 S.W.3d 196, 206 (Mo. App. W.D. 2011). The statute permits the right to jury sentencing to be waived in writing. A written waiver of a statutory right to jury sentencing is valid when the trial court has followed the law. See State v. Jackson , 434 S.W.3d 545, 548 (Mo. App. W.D. 2014). Where a trial court has complied with section 557.036, obtained a written waiver of the defendant, and conducted a specific inquiry on the record regarding the waiver, there can be little question that the defendant's waiver was knowing, voluntary, and intelligent, unless the record of the inquiry indicates otherwise. Id.
Here, Fernandez-Molina executed a written waiver of his right to jury sentencing. The waiver provided that Fernandez-Molina knew he had the right to have the Court instruct the jury as to the range of punishment authorized by statute, and upon a finding of guilt, to have the jury assess and declare punishment as a part of their verdict. The waiver also provided that Fernandez-Molina knew that the trial court would be "bound by the jury's declaration of punishment in their verdict in that the Court cannot exceed the jury's declaration of punishment." On its face, Fernandez-Molina's written waiver refutes his claim of ineffective assistance of counsel.
Any doubt on this point is erased by the colloquy between the trial court and Fernandez-Molina regarding the waiver. Fernandez-Molina confirmed that he was able to read the waiver; that he had no difficulty *357 reading or understanding its contents; that he understood that if the jury convicted him, the decision about sentencing would be the trial court's decision to make, and not the jury's; and that he wanted the trial court to determine his sentence should he be convicted. Fernandez-Molina testified that it was his decision to waive jury sentencing, and that he understood he was free to make this decision independent of any advice given to him by trial counsel. Fernandez-Molina testified that he believed it would be better for him to have the trial court impose sentence, and that he understood the range of punishment to be 10 years to life imprisonment.
Because the unrefuted record establishes that Fernandez-Molina did not base his decision to waive jury sentencing on the advice of his attorney, and understood the effect of his waiver, the motion court did not clearly err in denying without an evidentiary hearing Fernandez-Molina's claim of ineffective assistance of counsel for failing to accurately advise him about the effect of jury sentencing.
Point V is denied.[2]
Conclusion
The motion court's Judgment denying Fernandez-Molina's Motion without an evidentiary hearing is affirmed.
All concur

The motion court also found that the premise of Fernandez-Molina's claim of ineffective assistance of counsel misstated the law with respect to the effect of jury sentencing on the trial court's authority. We need not address this alternative basis for denying Fernandez-Molina's claim without an evidentiary hearing.