

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| KAVION L. THOMAS, | ) | No. ED111160 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 20SL-CC01538 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable David L. Vincent, III |
| | ) | |
| Respondent. | ) | Filed:  November 21, 2023 |

John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

## Introduction

In this post-conviction relief case, Kavion Thomas, who was convicted in the underlying case of forcible rape and second-degree murder of P.H. (Victim), appeals the denial of his Rule 29.15[1] motion after an evidentiary hearing.  Thomas claims the motion court clearly erred in denying his motion because trial counsel was ineffective (1) for failing to object when the State repeatedly elicited testimony from a detective that a "wife beater" tank top was found at the crime scene, and (2) for advising Thomas to waive his right to be sentenced by the jury.  We affirm.

---

[1] All rule references are to the Missouri Supreme Court Rules (2020).

## Background

On April 25, 2012, police responded to Victim's home where they found her dead. Detectives found a broken basement window, bloody shoe prints, a used condom, a pair of men's boxer shorts, and a white tank top shirt in Victim's bedroom. An autopsy revealed that Victim suffered from multiple injuries to her head, chest, arms, and genitals and ultimately died from her head injury. The evidence collected at the scene revealed the DNA of an unknown male. In 2017, it was determined that the DNA matched Thomas's. He was charged with first-degree murder, first-degree burglary, forcible rape, and forcible sodomy.

Thomas's trial commenced on January 6, 2019. The State asked the detective who investigated Victim's death and searched her home to describe photographs taken at the crime scene, three of which depicted the white tank top. In describing those three photographs, the detective referred to the shirt as a "wife beater tank top." Trial counsel did not object to the detective's use of the term "wife beater."

Thomas waived his right to jury sentencing orally and in writing. Before jury selection, the court held a hearing outside of the prospective jurors' presence concerning Thomas's decision to waive jury sentencing. Thomas attested that it was his decision to waive this right and that he understood the full range of punishment for the charges, including for the lesser-included offenses. He further stated that no one forced him to sign the waiver. The trial court repeated these questions at the beginning of the sentencing hearing.

Thomas was found not guilty of forcible sodomy but guilty of forcible rape and second-degree murder which was the lesser-included offense to the first-degree murder charge. The court sentenced Thomas to consecutive life sentences for each offense. After this Court affirmed his convictions in *State v. Thomas*, 628 S.W.3d 686 (Mo. App. E.D. 2021), Thomas filed his *pro*

*se* motion for postconviction relief followed by a timely amended motion that his appointed counsel filed.[2]  The motion court conducted an evidentiary hearing and denied the motion.

This appeal follows.

**Standard of Review**

We review a denial of a Rule 29.15 motion for postconviction relief only to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous.  Rule 29.15(k); *Swallow v. State*, 398 S.W.3d 1, 10 (Mo. banc 2013).  Findings and conclusions are clearly erroneous only when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made.  *Swallow*, 398 S.W.3d at 3.  The motion court's findings should be upheld if they are sustainable on any grounds.  *Id.*  And we presume that the motion court's findings are correct, including the motion court's determinations as to the credibility of witnesses.  *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019).

To be entitled to postconviction relief for ineffective assistance of counsel, the movant must meet the two-pronged *Strickland* test.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018).  The movant must prove by a preponderance of the evidence: (1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) that as a result thereof, the movant was prejudiced.  *Anderson*, 564 S.W.3d at 600.  This standard applies to both trial counsel and appellate counsel.  *Hudson v. State*, 482 S.W.3d 883, 889 (Mo. App. E.D. 2016).

---

[2] Thomas filed his *pro se* motion prematurely on March 27, 2020.  When a *pro se* motion is filed prematurely, it will be considered to have been filed "immediately after … the date the mandate of the appellate court issues affirming the judgment or sentence."  Rule 29.15(b).  This Court's mandate issued on October 7, 2021, such that Thomas's motion was deemed filed on that date.  Defense counsel timely filed Thomas's amended motion on February 4, 2022 after two extension requests were granted pursuant to Rule 29.15(g).

To succeed on the performance prong, the movant must overcome a strong presumption that counsel's performance was reasonable and effective by showing specific acts or omissions that, under the circumstances, fell outside the wide range of effective assistance. *Id.* To satisfy the prejudice prong, the movant must show that there is a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *Id.* If the movant fails to establish either prong, "then we need not consider the other and the claim of ineffective assistance must fail." *Roberts v. State*, 535 S.W.3d 789, 797 (Mo. App. E.D. 2017).

**Discussion**

In Point I, Thomas asserts that the motion court clearly erred in denying his Rule 29.15 motion because trial counsel did not object when the State repeatedly elicited testimony from a detective that a "wife beater" tank top was recovered from the crime scene. He contends that this testimony attempted to portray him as a violent abuser and trial counsel should have objected because it was irrelevant, improper propensity evidence, and inflammatory.

To succeed on an ineffective assistance claim based on counsel's failure to object, the movant must show that (1) the objection would have been meritorious, and (2) the failure to object resulted in a substantial deprivation of his right to a fair trial. *Nigro v. State*, 467 S.W.3d 881, 886 (Mo. App. W.D. 2015). Ordinarily, counsel's failure to object is considered trial strategy and is therefore afforded considerable deference. *Id*. Thus, "[r]easonable trial strategy decisions cannot form the basis of an ineffective assistance of counsel claim." *Griffith v. State*, 233 S.W.3d 774, 778 (Mo. App. E.D. 2007).

Thomas claims that an objection to the testimony would have been sustained because it was irrelevant and improper propensity evidence in that the term "wife beater" is inflammatory. We need not reach this argument because we find that based on the testimony of trial counsel, his

4

rationale for not objecting was reasonable trial strategy. Although trial counsel agreed that it was unfortunate the detective used the term "wife beater" to describe the shirt, he testified that he did not object because at that time, they were "at the place in evidence where there had been no evidence that my client was anywhere near or around or had anything to do with this particular crime." Therefore, he preferred not to draw attention to it and also because the detective was simply using slang "to give somewhat negative but common nomenclature of (sic) the garment." Therefore, trial counsel's strategic decision not to object to the detective's testimony does not amount to the ineffective assistance of counsel. *Id.*

In Point II, Thomas claims that the motion court clearly erred because trial counsel was ineffective when he advised Thomas to waive his right to jury sentencing. We disagree.

"The right to jury sentencing is a statutory right pursuant to section 557.036, not a constitutional right" and may be waived. *Fernandez-Molina v. State*, 562 S.W.3d 347, 356 (Mo. App. W.D. 2018) (citing *Roberts v. State*, 356 S.W.3d 196, 206 (Mo. App. W.D. 2011). "Where a trial court has complied with section 557.036, obtained a written waiver of the defendant, and conducted a specific inquiry on the record regarding the waiver, there can be little question that the defendant's waiver was knowing, voluntary, and intelligent, unless the record of the inquiry indicates otherwise." *Id.* (citing *State v. Jackson*, 434 S.W.3d 545, 548 (Mo. App. W.D. 2014).

In *Fernandez-Molina*, the court held that the motion court did not clearly err in denying the movant's post-conviction motion without an evidentiary hearing because the movant's signed waiver, on its face, refuted his claim of ineffective assistance of counsel for failing to accurately advise him about the effect of jury sentencing. *Id.* The court further found that "[a]ny doubt on this point is erased by the colloquy between the trial court and [the movant] regarding the waiver" because the movant confirmed that he read the waiver, understood its contents, and

5

understood that the trial court, not the jury, decided his sentence. *Id.* at 357. Additionally, the movant testified that it was his decision to waive jury sentencing and he understood that it was his decision alone. *Id.* Therefore, the record established that the movant did not waive jury sentencing based on his attorney's advice and he understood the effect of his waiver. *Id.*

Similarly, here, Thomas executed a written waiver of his right to jury sentencing prior to trial. In addition to the signed waiver, Thomas told the court upon questioning that it was his decision, that his attorney explained the ranges of punishment he faced, and that he was not forced to sign the waiver against his will. The court then asked Thomas if there was anything else he wanted to know about punishment before accepting his waiver. Thomas stated that he did not.

At the sentencing hearing, the court again questioned Thomas about his decision to waive jury sentencing. Thomas testified that he was not under any pressure to sign the waiver, he believed it would be in his best interest, and he knew that he would be facing the full range of punishment. We conclude therefore that Thomas's waiver was knowing, voluntary, and intelligent which refutes his claim of ineffective assistance of counsel for failing to advise him about the effect of jury sentencing. Point II is denied.

### Conclusion

For the reasons set forth above, we affirm the trial court's judgment.

_____
James M. Dowd, Judge

John P. Torbitzky, P.J. and
Michael S. Wright, J. concur.

6